Date: December 18, 2025

kevin-lewis: walker, *in propria persona*
KEVIN LEWIS WALKER,
KEVIN LEWIS WALKER ESTATE
**Care of:** 2082 Highway 183 #170-229
Leander, Texas
Email: kevinlwalker@me.com

FILED
2025 DEC 19 PM 2:31
CLERK, US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY ____CR____ DEPUTY

*Petitioner, Movant in Equity*

**EMERGENCY – CUSTODY MATTER**
**IMMEDIATE JUDICIAL ATTENTION REQUESTED**

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## AUSTIN DIVISION

| | |
|---|---|
| **kevin-lewis: walker,** *in propria persona*, Petitioner, <br><br> v. <br><br> **STATE OF TEXAS.** <br><br> and <br><br> **THE SHERIFF OF WILLIAMSON COUNTY, TEXAS,** in his official capacity as **custodian of Petitioner** | Case No. **1:25CV02094 ADA** <br><br> (Related District Cause No. 25-3432-C425) <br> (Related CCL2 Cause No. E25-049-2) <br> (Inmate No. 25-214532) <br><br> **VERIFIED EMERGENCY PETITION AND DEMAND FOR WRIT OF HABEAS CORPUS 28 U.S.C. § 2241** <br><br> (SPECIAL LIMITED APPEARANCE — JURISDICTIONAL OBJECTIONS PRESERVED) |

**COMES NOW** Petitioner / Movant in Equity, **kevin-lewis: walker**, restrained of his liberty, proceeding in **propria persona**, by special limited appearance only and without waiver of any rights, remedies, or objections, and respectfully submits this **VERIFIED EMERGENCY PETITION FOR WRIT OF HABEAS CORPUS** pursuant to **28 U.S.C. § 2241**, the **United States Constitution**, and this Court's inherent equitable authority. Petitioner seeks immediate

relief from ongoing unlawful detention, obstruction of access to the courts, and retaliatory misuse of the extradition process, where no Governor's Warrant exists, no valid commitment order exists, the demanding state does not allege fugitive status, and continued restraint is in direct violation of clearly established constitutional and statutory law.

## I. JURISDICTION AND VENUE

This Court has jurisdiction under **Article III of the United States Constitution** and **28 U.S.C. § 2241(c)(3)** because Petitioner is in actual physical custody in Williamson County, Texas in violation of the Constitution and laws of the United States, presenting a live case or controversy redressable only by judicial relief.

Venue is proper in this District because Petitioner is confined within this District and Respondents exercise custody and control here.

This Court further possesses **equitable habeas jurisdiction** and inherent and statutory authority under **28 U.S.C. §§ 2241, 2243, 1651(a), and 1331** to grant immediate equitable relief, including release and a stay of transfer, where necessary to terminate unlawful restraint, preserve this Court's jurisdiction, and prevent mootness and irreparable constitutional injury.

## II. STATUS, STANDING, AND REBUTTAL OF PRESUMPTIONS

Petitioner is a **natural-born living man**, presently restrained of his liberty, and appears **solely in his private capacity** for purposes of this action. Petitioner does not appear as, and expressly disclaims being treated as, a statutory entity, artificial person, corporate fiction, estate, franchise, or federal instrumentality.

Petitioner affirmatively **rebuts any presumption** that he has consented to be classified, identified, or proceeded against as any such entity. No knowing, voluntary, and intentional consent to such status has ever been given, and none may be implied. Any contrary designation is rejected absent strict proof.

Petitioner has **Article III standing** because he is in **actual physical custody**, suffers an ongoing deprivation of liberty, and seeks redress that this Court is empowered to grant through release,

bond, or other habeas relief. The injury is concrete, particularized, ongoing, and traceable to Respondents' actions, and is redressable by this Court.

This action is brought pursuant to **28 U.S.C. § 2241**, which protects the fundamental right of a person restrained of liberty to challenge unlawful custody. Standing here does not arise from citizenship, statutory privilege, or political status, but from **actual restraint of the body**, which is undisputed.

Petitioner's appearance is made by **special limited appearance only**, without waiver of rights, remedies, objections, or jurisdictional challenges, and solely to invoke this Court's constitutional and equitable habeas authority to terminate unlawful restraint.

### III. PARTIES

**Petitioner:**

kevin-lewis: walker, a man in custody, proceeding in propria persona.

**Respondents:**

1. **THE SHERIFF OF WILLIAMSON COUNTY, TEXAS**, in his official capacity as the immediate physical custodian of Petitioner and administrator of the Williamson County Jail; and

2. **THE STATE OF TEXAS**, the sovereign authority prosecuting and controlling the extradition proceedings giving rise to Petitioner's detention.

### IV. SUMMARY OF EMERGENCY (UNDISPUTED FACTS)

Petitioner has been continuously and unlawfully detained since **November 28, 2025**, at approximately **5:17 PM**.

As of **December 18, 2025**, Petitioner has been confined for **twenty-one (21) consecutive days** without lawful authority.

Petitioner is confined **solely** on an out-of-state warrant.

No Governor's Warrant has issued.

No valid commitment order exists.

Date: December 18, 2025

### A. Petitioner Is Not a Fugitive as a Matter of Fact and Law

Petitioner is **not a fugitive**, as that term is defined by the United States Constitution, the Uniform Criminal Extradition Act, and binding United States Supreme Court precedent:

- Petitioner has **never been physically present** in the State of Florida at any time;
- The demanding state, Florida, **does not allege** that Petitioner was present in Florida at the time of any alleged offense;
- Florida **does not allege flight** from Florida;
- Only Texas authorities have labeled Petitioner a "fugitive" in an effort to **manufacture jurisdiction** and justify an otherwise unlawful hold.

The United States Supreme Court has made clear that extradition authority exists **only** where the accused is a fugitive from the demanding state—meaning the person was **physically present in the demanding state at the time of the alleged offense and thereafter fled**.

Where the demanding state does not allege presence or flight—and where the accused has **never been present** in that state—**extradition is constitutionally barred**.

### B. Section 2 of Article 51.13 Does Not Apply and Cannot Cure the Absence of Fugitive Status

Any attempt to invoke **Article 51.13 § 2** (acts committed outside the demanding state allegedly producing effects within it) is **legally inapplicable** and **constitutionally insufficient**.

Section 2 does **not** eliminate the fugitive requirement, does **not** authorize "constructive presence," and does **not** permit extradition of a non-fugitive who has never been physically present in the demanding state.

Section 2 presupposes the existence of lawful extradition jurisdiction and does not override the constitutional requirement of **physical presence and flight**.

To construe § 2 as authorizing extradition based solely on alleged effects, communications, filings, or speech would convert extradition into nationwide personal jurisdiction—an outcome expressly rejected by the United States Supreme Court.

Accordingly, because Petitioner has never been present in Florida and Florida does not allege otherwise, **no extradition authority exists under either § 2 or § 6**, and continued detention for extradition purposes is **void ab initio**.

### C. Additional Independent Violations

Petitioner has been confined beyond statutory limits, with:

- identity affirmatively challenged and not proven;
- **mandatory bail categorically and unconstitutionally denied**;
- confinement imposed for a **non-capital offense**.

Denial of bail violates:

- **Tex. Code Crim. Proc. art. 51.13 § 10**;
- **Texas Constitution art. I §§ 11 & 13**;
- **Uniform Criminal Extradition Act § 54-172**;
- the **Eighth Amendment** (excessive bail);
- the **Fifth and Fourteenth Amendments** (due process);
- and the **Suspension Clause and Due Process Clauses** of the United States Constitution.

Additionally, state actors **forced the appointment of a public defender** upon Petitioner against his express will and objection, despite Petitioner's clear invocation of the right to self-representation. This constitutes a **direct violation of the Sixth Amendment** and was used to obstruct Petitioner's ability to speak, file pleadings, and control his own defense.

State actors further attempted to impose a **fraudulent "16.22" order** to silence and gag Petitioner, absent any lawful basis, mental-health finding, or due process—an effort to suppress speech, block filings, and further obstruct access to the courts.

A **Verified Petition for Writ of Habeas Corpus** was successfully filed in District Court on **December 1, 2025**, Cause No. **25-3432-C425**, and has remained pending without adjudication for over two weeks.

During this period:

- filings were blocked from Petitioner directly;

Date: December 18, 2025

- filings were blocked through Petitioner's expressly authorized agent, acting under Petitioner's express authorization and direction, into the CCL2 case;
- the CCL2 court and clerk refused to accept and docket filings, citing off-record judge instruction.

These acts constitute **affirmative obstruction of access to the courts**, destruction of lawful remedy, and denial of the **privileged writ of habeas corpus**.

Texas authorities have stated that Florida is "pursuing extradition," creating an **imminent risk of transport** deliberately designed to moot judicial review and evade federal oversight. Immediate federal intervention is required.

At a hearing held on **December 17, 2025**, the state court restricted Petitioner from addressing the merits of his detention and limited his participation to answering whether he would waive or contest extradition. The court declined to hear argument and set the next hearing for **January 14, 2026**—well beyond thirty (30) days from Petitioner's November 28, 2025 arrest—despite the absence of a Governor's Warrant and while habeas relief remains pending and obstructed.

This sequence confirms that state court proceedings are **not providing a timely or meaningful avenue for relief** and are permitting continued detention to persist past mandatory statutory limits.

## V. EXHAUSTION IS EXCUSED

Exhaustion is excused where state remedies are **unavailable, ineffective, or obstructed**. Here:

- a verified habeas has been pending without ruling since **December 1, 2025**;
- the **CCL2 court and clerks refused to accept and docket filings** from Petitioner and his authorized agent;
- hearings were set **outside mandatory statutory windows**.

These acts constitute **constructive denial of state remedies**, excusing exhaustion as a matter of law under **28 U.S.C. § 2241(b)** and controlling federal precedent.

Date: December 18, 2025

## VI. GROUNDS FOR RELIEF

**GROUND ONE — UNLAWFUL CUSTODY WITHOUT GOVERNOR'S WARRANT AND WITHOUT FUGITIVE STATUS**

Continued detention on an extradition hold **without a Governor's Warrant, without a valid commitment order, and in the complete absence of fugitive status** violates **28 U.S.C. § 2241(c)(3)** and is **per se unlawful**.

Where the demanding state does **not** allege that the accused is a fugitive—and the accused has **never been present in that state—extradition is constitutionally prohibited**, and custody for that purpose is void.

**GROUND TWO — DENIAL OF BAIL AND DUE COURSE OF LAW**

Bail has been categorically denied in direct violation of controlling statutory and constitutional law.

This matter does not involve a capital offense. No statute authorizes denial of bail, and no lawful finding has been made that could overcome the constitutional and statutory presumption of release.

Denial of bail violates:

- **Tex. Code Crim. Proc. art. 51.13 § 10**, which mandates that a person arrested on an extradition matter shall be admitted to bail unless charged with a capital offense;
- **Texas Constitution art. I §§ 11 & 13**, guaranteeing the right to bail and due course of law in all non-capital cases;
- **Uniform Criminal Extradition Act § 54-172**, which contemplates only temporary detention and expressly forbids indefinite, punitive confinement absent lawful authority;
- **the Eighth Amendment** to the United States Constitution, which prohibits excessive bail and the functional denial of bail through categorical refusal;
- **the Fifth and Fourteenth Amendments**, which forbid arbitrary detention and require fundamental fairness and lawful process.

Notably, the demanding state has already established a bond amount, **confirming that even Florida does not view Petitioner as a flight risk or a danger** requiring no-bond detention. **Petitioner does not seek to evade proceedings and affirmatively intends to address the matter on the merits; release will facilitate orderly adjudication rather than frustrate it.** Texas alone is manufacturing jurisdiction by imposing a categorical "no bond" hold unsupported by statute, unsupported by findings, and unsupported by any lawful extradition authority. Because Petitioner is not charged with a capital offense, is not a fugitive, and is already subject to a bond determination by the demanding state, continued detention without bail is punitive, ultra vires, and unconstitutional as a matter of law.

## GROUND THREE — DENIAL OF ACCESS TO COURTS
## (42 U.S.C. § 1983; FIRST & FOURTEENTH AMENDMENTS)

Blocking and refusing to docket habeas filings from Petitioner and his expressly authorized agent constitutes **structural denial of access to the courts**, violating:

- the **First Amendment right to petition**;
- the **Fourteenth Amendment right of access to courts**;
- **42 U.S.C. § 1983**, under color of law.

This violation independently mandates relief.

## GROUND FOUR — RETALIATION AND WEAPONIZATION OF EXTRADITION
## (FIRST AMENDMENT; FEDERAL INTERFERENCE)

This detention originates from the **weaponization of constitutionally protected civil activity**, including lawful notices, affidavits, and court filings.

Petitioner is actively involved in **ongoing federal litigation, Case No. 2:25-cv-14196**, in which:

- the alleged "victims" driving this extradition are **defendants**;
- this detention **obstructs the litigation**, chills protected activity, and interferes with federal jurisdiction.

The extradition process is being used as **retaliation**, constituting:

- abuse of process;
- interference with federal judicial proceedings;
- **tampering with a federal litigant and witness**;
- violations of the **First, Fifth, and Fourteenth Amendments**.

## GROUND FIVE — IMMINENT MOOTING OF FEDERAL JURISDICTION

Any transfer prior to adjudication would **moot this habeas**, irreparably injure Petitioner, and unlawfully defeat federal jurisdiction, warranting immediate injunctive relief under **28 U.S.C. §§ 2241, 2243, and 1651(a)**.

## VII. EMERGENCY RELIEF REQUIRED AND IRREPARABLE HARM

Petitioner faces **immediate and irreparable constitutional harm** from continued unlawful detention and the imminent risk of transfer or extradition. Loss of liberty, even for minimal periods, constitutes irreparable injury as a matter of law, and no subsequent remedy can restore time unlawfully spent in custody.

Absent immediate intervention, Respondents may transfer or surrender Petitioner before this Court can adjudicate the merits, thereby **mooting this habeas action**, defeating **Article III jurisdiction**, and irreparably obstructing federal judicial review. Such harm cannot be remedied by later relief.

The **balance of equities** weighs decisively in Petitioner's favor. Respondents suffer **no prejudice** from maintaining the status quo through release, bond, or a stay of transfer, while Petitioner continues to endure unconstitutional restraint, denial of mandatory bail, and interference with access to the courts.

The **public interest** strongly favors enforcement of constitutional limits on detention, adherence to mandatory bail statutes, prevention of retaliation, and protection of the federal courts' habeas jurisdiction from evasion through transfer.

Accordingly, **immediate equitable relief** is necessary to terminate ongoing constitutional injury, preserve this Court's jurisdiction, and prevent irreparable harm.

Date: December 18, 2025

## VIII. DEMAND FOR RELIEF

Petitioner respectfully **demands** that this Court enter immediate and mandatory relief as follows:

**A. Immediately stay** any transfer, extradition, transport, or surrender of Petitioner, so as to preserve this Court's jurisdiction and prevent irreparable constitutional injury through mootness;

**B. Order Petitioner's immediate release**, or, at a minimum, **order release on mandatory personal recognizance bond**, as required by **Tex. Code Crim. Proc. art. 51.13 § 10**, the **Texas Constitution art. I §§ 11 & 13**, and the **Eighth Amendment to the United States Constitution**, pending final adjudication of this writ. This matter does **not** involve a capital offense, and no statute or lawful finding authorizes categorical denial of bail. The demanding state has already established a bond amount, confirming that Petitioner is not a flight risk; **Texas alone is imposing a no-bond hold unsupported by law**;

**C. Order Respondent to show cause forthwith** why the writ should not issue and why continued custody is lawful in the absence of a Governor's Warrant, a valid commitment order, or fugitive status;

**D.** Grant such other and further relief as justice requires to **terminate unlawful restraint**, **enforce mandatory bail protections**, and **vindicate federal constitutional jurisdiction**.

**No Flight Risk Exists as a Matter of Law or Fact**

Petitioner presents **no flight risk**, as a matter of law or fact:

- Petitioner is **not a fugitive** and has never fled any jurisdiction;
- Petitioner has **never been physically present** in the demanding state;
- Petitioner is **affirmatively litigating** in multiple courts and has consistently appeared and asserted his rights;
- The **demanding state itself has set a bond**, confirming that Petitioner poses no risk of flight.

Continued incarceration under these circumstances is **punitive, unnecessary, and unconstitutional**, and release on bond or personal recognizance is **mandatory**, not discretionary.

Date: December 18, 2025

## VERIFICATION:

### Pursuant to 28 U.S.C. § 1746

I, kevin-lewis: of the walker family, over the age of 18, competent to testify, and having **firsthand knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under penalty of perjury under the laws of the **United States of America**, that the foregoing statements are **true, correct, and complete**, to the best of my **understanding, knowledge, and belief**, and made in **good faith and with clean hands**.

Executed, signed, and sealed this 18th day of December, 2025.

All rights reserved without prejudice and without recourse.

By: _Kevin: Walker_
**kevin-lewis: walker**, *Petitioner / Movant in Equity / Injured Party in Fact*

Date: December 18, 2025

## CERTIFICATE/PROOF OF SERVICE

STATE OF TEXAS                )
                              )  ss.
COUNTY OF WILLIAMSON          )

I am competent, over the age of eighteen years, and not a party to the within action. My mailing address is, **care of:** 2082 Highway 183 #170-229. On or about **December 18, 2025**, I served the within documents:

1. **VERIFIED EMERGENCY PETITION AND DEMAND FOR WRIT OF HABEAS CORPUS 28 U.S.C. § 2241**

## SERVICE LIST

**By Certified Mail.** I placed a true and correct copy of the foregoing document in a sealed envelope, addressed to each person listed below, and deposited the envelopes into the custody of the United States Postal Service in Williamson County, Texas, with proper postage affixed, sent via **Certified Mail, Return Receipt Requested (USPS Form 3811)**. The mailing occurred in Williamson County, Texas, on the date indicated below. Service by mail is complete upon mailing.

**REQUIRED RESPONDENT (CUSTODIAN)**

**Sheriff of Williamson County, Texas**
In his official capacity as custodian of the Williamson County Jail
Williamson County Sheriff's Office
508 S. Rock Street
Georgetown, TX 78626
Certified Mail No. 9589 0710 5270 3357 9376 99

**UNITED STATES - (COURTESY NOTICE)**

**United States Attorney**
Western District of Texas - Austin Division

Date: December 18, 2025

816 Congress Avenue, Suite 1300
Austin, TX 78701
Certified Mail No. 9589 0710 5270 3357 9376 13

**STATE OF TEXAS – (NOTICE / SUPERVISORY SERVICE)**

**Office of the Texas Attorney General**
Criminal Justice Division
P.O. Box 12548
Austin, TX 78711-2548
Certified Mail No. 9589 0710 5270 3357 9376 20

**LOCAL PROSECUTOR – (NOTICE ONLY)**

**Williamson County Attorney**
405 Martin Luther King Street
Georgetown, TX 78626
Certified Mail No. 9589 0710 5270 3357 9376 37

**STATE COURT – (NOTICE ONLY NON-RESPONDENT)**

**Clerk of Court**
County Court at Law No. 2
Williamson County, Texas
405 Martin Luther King Street
Georgetown, TX 78626
Certified Mail No. 9589 0710 5270 3357 9376 44

**EXECUTIVE EXTRADITION AUTHORITY (NOTICE ONLY)**

**Office of the Governor of Texas**
Criminal Justice Division – Extradition
P.O. Box 12428
Austin, TX 78711
Certified Mail No. 9589 0710 5270 3357 9377 05

**STATE COURT PROSECUTOR — NOTICE ONLY**
Bridget Chapman
Williamson County Attorney's Office

Date: December 18, 2025

405 Martin Luther King Street
Georgetown, TX 78626
Certified Mail No. 9589 0710 5270 3357 9377 29

**By Electronic Service.** I transmitted a true and correct copy of the foregoing document by electronic service to each recipient listed below by sending the document to their publicly available or designated official email address. Transmission was completed from Williamson County, Texas, on the date indicated below. Electronic service is deemed complete upon successful transmission.

**United States Attorney**
Western District of Texas
Austin Division
**Email:** *usa.txw@usdoj.gov*

**Office of the Texas Attorney General**
Criminal Justice Division
**Email:** *criminaljustice@oag.texas.gov*

**Bridget Chapman**
**Williamson County Attorney's Office**
**Email:** bridget.chapman@wilcotx.gov

I declare under penalty of perjury under the laws of the State of Texas that the foregoing is true and correct. Executed on December 18, 2025, in Williamson County, Texas.

/s/Chris Yarbra/
Chris Yarbra