Date: February 3, 2026

kevin-lewis: walker, *in propria persona*
**KEVIN LEWIS WALKER,**
**KEVIN LEWIS WALKER ESTATE**
**Care of:** 2082 Highway 183 #170-229
Leander, Texas
Email: kevinlwalker@me.com

***Petitioner, Movant in Equity***

**FILED**
February 03, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: Christian Rodriguez
DEPUTY

**EMERGENCY – CUSTODY MATTER**
**IMMEDIATE JUDICIAL ATTENTION REQUESTED**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**AUSTIN DIVISION**

**kevin-lewis: walker, in propria persona,**
Petitioner,

v.

**STATE OF TEXAS.**

and

**THE SHERIFF OF WILLIAMSON COUNTY, TEXAS**,
in his official capacity as **custodian of Petitioner**

Case No. 1:25-cv-02094

(Related District Cause No. 25-3432-C425)
(Related CCL2 Cause No. E25-049-2)
(Inmate No. 25-214532)

**VERIFIED** NOTICE OF UNDISPUTED FACTS, JURISDICTIONAL DEFECTS, AND RESPONSE TO THE ATTORNEY GENERAL'S ADVISORY (Dkt. 32)

*(SPECIAL LIMITED APPEARANCE — JURISDICTIONAL OBJECTIONS PRESERVED)*

## INTRODUCTION

COMES NOW Petitioner **kevin-lewis: of the walker family**, appearing **in propria persona**, by **special limited appearance**, expressly reserving all rights, remedies, and defenses.

Petitioner files this **Verified Notice of Undisputed Facts, Jurisdictional Defects, and Response to the Attorney General's Advisory (Dkt. 32)** to correct material mischaracterizations and to fix the controlling facts on the record. As demonstrated below, **extradition jurisdiction never attached**, no lawful custody authority exists, and Respondents

identify **no statutory, constitutional, or executive basis** for continued detention. The material facts are established on the face of the record and **are not disputed by any Respondent**.

This filing is submitted to clarify the record, preempt further misdirection, and assist the Court in resolving a purely jurisdictional custody defect that renders Petitioner's continued confinement **void ab initio**.

### 1. No Extradition Jurisdiction Ever Attached

Petitioner has never been alleged to have fled from the State of Florida.

Florida's warrant and supporting materials do not allege:

- presence in Florida at the time of any offense,
- flight from Florida,
- concealment, or
- evasion of prosecution.

Petitioner was living openly outside Florida and is not a fugitive as a matter of law.

"Fugitive from justice" status was manufactured by Texas authorities without a lawful predicate, and extradition jurisdiction therefore never attached.

### 2. The Florida Warrant Is a Local Arrest Warrant Only

The Florida warrant:

- is a local Florida arrest warrant,
- does not request executive requisition,
- does not allege fugitive status,
- does not invoke non-fugitive extradition procedures, and
- does not invoke the Uniform Criminal Extradition Act ("UCEA") or Texas Code of Criminal Procedure Chapter 51.

Florida has never initiated non-fugitive extradition as required by statute.

**3. No Governor's Warrant and No Requisition Exist**

No Governor's Warrant has issued from the State of Texas.

No executive requisition has issued from the State of Florida.

The January 14 findings order expressly confirms:

- no Governor's Warrant exists, and
- the State merely represented that the "Governor's Warrant process was [allegedly] pending with Florida."

A pending or anticipated process confers no custody authority.

**4. A Governor's Warrant and Requisition Are Required for Non-Fugitive Extradition**

For a non-fugitive, lawful extradition custody requires both:

- a valid executive requisition from the demanding state, **and**
- a Governor's Warrant issued by the asylum state.

This requirement is explicit in the UCEA and Texas law.

The UCEA provides:

**UCEA § 6 (Non-Fugitive Extradition):**

"The Governor of this State may surrender, on demand of the executive authority of another State, any person in this State charged in such other State in the manner provided in Section 3, even though the accused was not in that State at the time of the commission of the crime and has not fled therefrom."

Texas has adopted this provision as follows:

**Tex. Code Crim. Proc. art. 51.06:**

"The Governor of this State may surrender, on demand of the executive authority of another State, any person in this State charged in such other State in the manner provided in Article 51.03, even though the accused was not in that State at the time of the commission of the crime and has not fled therefrom."

Under both provisions:

- non-fugitive extradition requires a formal demand (requisition) by the executive authority of the demanding state, and
- custody authority does not arise unless and until the Governor of Texas issues a Governor's Warrant in response to that demand.

Here, neither a requisition nor a Governor's Warrant exists.

The absence of either defeats custody authority as a matter of law.

**5. UCEA Time Limits Apply Only to Fugitives Who Have Fled — and Only Arguendo**

Texas has adopted the UCEA in Texas Code of Criminal Procedure Chapter 51.

The **only** provision authorizing temporary commitment pending issuance of a Governor's Warrant applies **solely to fugitives who have fled**:

**Tex. Code Crim. Proc. art. 51.07:**

"If from the examination before the judge it appears that the person held is the person charged with having committed the crime alleged, **and that he has fled from justice**, the judge shall, by a warrant reciting the accusation, commit him to the county jail for such a time, **not exceeding thirty (30) days**, and specified in the warrant, as will enable the arrest of the accused to be made under a Governor's warrant." **That arguendo thirty (30) days would have expired on December 27, 2025.**

By its plain text, Article 51.07:

- applies **only if the accused has fled from justice**,
- authorizes commitment **only for fugitives**, and
- caps such commitment at **thirty (30) days**.

Because Petitioner is not a fugitive, Article 51.07 does not apply at all.

Any reliance on a thirty-day detention period is therefore **purely arguendo**, asserted only to demonstrate that **even under inapplicable fugitive provisions**, the State's conduct exceeds statutory bounds.

The State cannot invoke fugitive-only detention authority where fugitive predicates never existed.

**6. The CCL2 Order Purports to Authorize Indefinite Detention Without Statutory Authority**

The January 14 CCL2 "Order of Findings," attached by the Attorney General, purports to commit Petitioner to custody "until a Governor's Warrant issues."

That order:

- cites no statutory authority for non-fugitive detention,
- imposes no temporal limitation, and
- authorizes detention for an undefined and potentially indefinite period.

Neither the UCEA nor Texas law authorizes indefinite detention of a non-fugitive pending a speculative executive process.

An order committing a person "until" a discretionary future executive act — without requisition, warrant, or statutory time limit — exceeds statutory authority and cannot supply lawful custody.

**7. The Arresting Officer's Probable Cause Complaint Is Facially Defective**

The Texas probable-cause complaint states that Petitioner:

- "fled from the State of California,"
- committed "Fugitive from Justice – Out of State," and
- is wanted on a Florida warrant charging extortion "in violation of the penal laws of the State of California."

This is legally and factually impossible:

- A person cannot be charged in Florida for violating California penal law.
- "Fugitive from Justice – Out of State" is not a substantive criminal offense, but a jurisdictional status.
- California is not the demanding jurisdiction and is unrelated to the Florida warrant.

Date: February 3, 2026

- The Florida warrant itself alleges no flight and treats the matter as non-fugitive.

These false jurisdictional assertions are the sole basis for the false fugitive label and collapse probable cause as a matter of law.

A defective probable-cause complaint cannot confer custody authority. (See attached exhibits G and O).

**8. Early and Repeated Notice Was Given on the Record and in Writing**

Petitioner expressly stated he was not a fugitive on the record at the magistrate hearing on November 29.

Petitioner further reiterated the absence of fugitive status and the lack of extradition authority on the record at every subsequent court appearance, including:

- the December 15, 2025 hearing,
- the resumed hearing on December 17, 2025, and
- the January 14, 2026 hearing at which the CCL2 Findings Order was entered.

In addition to oral notice on each court date, these jurisdictional defects were repeatedly noticed through written filings and communications to:

- the Williamson County Sheriff,
- the prosecuting authority (Bridget Chapman), and
- the state court (Judge Laura Barker).

Detention continued despite continuous notice on the record and in writing.

**9. Obstruction and Concealment of Habeas Filings in State Court**

Petitioner further places on the record that his attempts to file a state habeas petition and related verified filings in CCL2 were obstructed and concealed.

Specifically:

- Judge Laura Barker and the Clerk of Court refused, concealed, or failed to docket Petitioner's habeas and verified filings presented in open court and through written submission;
- Petitioner was thereby deprived of a functioning state forum in which to litigate custody jurisdiction;
- These actions materially impeded any meaningful state-court adjudication of the legality of confinement.

Despite this obstruction, Petitioner successfully filed a state district court habeas petition on December 1, 2025, which remains pending as of this filing, and thus was constructively denied: **Cause No. 25-3432-C425 (State District Court)**.

**10. 28 U.S.C. § 2241 Applies and Exhaustion Is Not Required**

This action is properly brought under **28 U.S.C. § 2241** because Petitioner challenges:

- the fact and duration of present physical custody,
- the absence of any lawful extradition or detention authority, and
- ongoing constitutional violations independent of any valid state criminal prosecution.

Exhaustion of state remedies is not required where:

- extradition jurisdiction never attached,
- custody is void ab initio,
- no lawful state forum exists to adjudicate the issue, and
- state processes are unavailable, ineffective, or obstructed.

Alternatively, and out of an abundance of caution, Petitioner has in fact pursued state habeas relief, which remains pending and undecided.

**11. Respondents Do Not Rebut Any Material Fact**

The Attorney General's advisory filing:

- does not dispute non-fugitive status,

- does not claim a Governor's Warrant exists,
- does not claim a requisition exists, and
- does not identify any lawful extradition authority.

Instead, the filing disclaims responsibility while attaching a state-court order that itself confirms the absence of extradition authority and purports to authorize indefinite detention without statutory basis.

**12. Custody Is Unlawful and Ongoing Constitutional Injury Is Occurring**

Absent:

- fugitive status,
- a valid executive requisition, and
- a Governor's Warrant,

no lawful basis for detention exists.

Petitioner has now been unlawfully imprisoned for **sixty-eight (68) days**.

This continued detention constitutes ongoing and compounding irreparable harm, including violations of:

- the Fourth Amendment (unlawful seizure),
- the Fifth and Fourteenth Amendments (due process), and
- fundamental liberty interests protected by the Constitution.

Each additional day of confinement magnifies the constitutional injury and cannot be remedied retroactively.

**<u>Relief Requested</u>**

Because Respondents identify no lawful authority supporting continued custody, and because the material facts are undisputed, **immediate release is required**.

Out of an abundance of caution, and without conceding the existence of any lawful detention authority, Petitioner further notes:

- he has been denied bond outright,
- the alleged charges are non-capital,
- Petitioner has no prior criminal history,
- there is no allegation of flight from justice,
- Petitioner is not a flight risk,
- the demanding state's own materials contemplate a bond amount,
- Petitioner has an established home in Texas, and
- Petitioner's wife is very pregnant, with two young children dependent upon him.

Even under ordinary pretrial standards — which do not govern unlawful extradition custody — continued detention is unjustifiable.

Accordingly, Petitioner respectfully submits that **immediate release is constitutionally required**.

## CONCLUSION

The record admits of no lawful basis for continued custody.

Petitioner is not, and has never been, a fugitive. No executive requisition has issued from Florida. No Governor's Warrant has issued from Texas. The Uniform Criminal Extradition Act does not apply, and even arguendo its fugitive-only provisions were exceeded long ago. The sole state-court order relied upon is **ultra vires**, indefinite, and unsupported by statute. Respondents do not rebut a single material fact establishing these defects.

Petitioner has now been unlawfully confined for **sixty-eight (68) days**, suffering ongoing and compounding constitutional injury. Each additional day of detention magnifies irreparable harm that cannot be cured after the fact.

Because jurisdiction never attached and custody is void as a matter of law, **no exhaustion is required**, and no further factual development is necessary. The issue before the Court is purely legal, fully briefed, and undisputed. Respondents' failure to deny these jurisdictional facts constitutes an admission for purposes of federal adjudication.

Petitioner seeks nothing more than the restoration of his liberty and return to his family, which the Constitution does not permit the State to withhold absent lawful authority.

Accordingly, **immediate release is constitutionally compelled**.

Date: February 3, 2026

## VERIFICATION:

**Pursuant to 28 U.S.C. § 1746**

I, kevin-lewis: of the walker family, over the age of 18, competent to testify, and having **firsthand knowledge** of the facts stated herein, do hereby **declare, certify, verify, affirm, and state** under penalty of perjury under the laws of the **United States of America**, that the foregoing statements are **true, correct, and complete**, to the best of my **understanding, knowledge, and belief**, and made in **good faith and with clean hands**.

Executed, signed, and sealed this 3rd day of February, 2026.

**All rights reserved without prejudice and without recourse.**

By: Kevin: Walker

**kevin-lewis: walker**, *Petitioner / Movant in Equity / Injured Party in Fact*

Page 11 of 18

**VERIFIED** NOTICE OF UNDISPUTED FACTS, JURISDICTIONAL DEFECTS, AND RESPONSE TO THE ATTORNEY GENERAL'S ADVISORY (Dkt. 32)

Date: February 3, 2026

## EXHIBIT LIST

**Exhibit A–F**

*Verified Emergency Notice of Clerk Obstruction, Counsel Record Fraud, Sixth Amendment Violations, and Unlawful Administrative Detention*, including internal Exhibits A–F (collectively documenting obstruction by County Court at Law No. 2 clerk and court, denial of access to filings, and impossibility of state exhaustion).

**Exhibit G**

**Certified Florida Arrest Warrant and Probable Cause Record (Complete Consolidated Packet)**

Certified compilation of all documents collectively relied upon by the demanding state and incorporated by reference into the alleged extradition basis, submitted as a **single consolidated exhibit for four-corners statutory and jurisdictional review**, consisting of:

- Arrest Warrant issued July 28, 2025, by the Circuit Court of the Nineteenth Judicial Circuit, Martin County, Florida, including warrant face sheet and conditions of bond;

- Probable Cause Affidavit sworn July 23, 2025, executed by Detective Jennifer C. Jaques, Martin County Sheriff's Office;

- Statement of Probable Cause / Narrative incorporated into and forming the basis of the Arrest Warrant;

- Alleged communications, emails, notices, demands, and civil filings quoted, summarized, or relied upon within the Probable Cause Affidavit;

- References to Fla. Stat. §§ 817.535(2)(a) and 836.05 as applied within the Probable Cause Affidavit and Arrest Warrant.

Date: February 3, 2026

**This consolidated exhibit alleges only local Florida offenses, contains no allegation of Petitioner's presence in Florida, no allegation of flight, no designation of fugitive status, and no request for or invocation of extradition authority.**

**Exhibit H**

**Unsigned Texas Arrest Warrant and Complaint**

Purported arrest warrant and complaint issued in Williamson County, Texas, lacking judicial execution, magistrate signature, or lawful completion.

**Exhibit I**

**Affidavit of Criminal Investigator Pete Hughey**

Affidavit asserting a personal belief of fugitive status based solely on an NCIC entry, without alleging presence in Florida, flight from Florida, or any extradition request or requisition by the demanding state.

**Exhibit J**

**Unsigned Waiver of Extradition Form**

Waiver of extradition form presented to Petitioner, reflecting no execution, no consent, and containing jurisdiction-creating admissions not alleged by the demanding state.

**Exhibit K**

**Magistration Advisement and Processing Record**

Magistration document bearing clerk notation that Petitioner "REFUSED TO SIGN," reflecting the absence of waiver, consent, or voluntary submission to extradition.

**Exhibit L**

**425th Judicial District Court Public Docket Screenshots**

Screenshots of the 425th Judicial District Court public docket, as of the dates shown, reflecting no docketed activity, filings, or proceedings associated with Petitioner despite the pendency of a state habeas petition.

**Exhibit M**

**County Court at Law No. 2 (CCL2) Public Docket Screenshots**

Screenshots of the CCL2 public docket system, as of the dates shown, reflecting no searchable case, docket entries, or recorded proceedings corresponding to Petitioner's arrest, confinement, or alleged extradition.

**Exhibit N**

**Internal CCL2 Docket Screen (January 14, 2026)**

Photograph of the County Court at Law No. 2 internal docketing system, accessed in person at the clerk's office on January 14, 2026, reflecting the January 14, 2026 docket entry continuing Petitioner's custody and resetting the matter to February 18, 2026. This entry is not publicly accessible online.

**Exhibit O**

**Defective Probable Cause Complaint of Arresting Officer (Williamson County, Texas)**

Sworn complaint executed by the arresting officer alleging "Fugitive from Justice – Out of State," asserting flight from the State of California, and referencing violations of California penal law in connection with a Florida warrant. The complaint contains internal jurisdictional contradictions, misidentifies the demanding state, alleges legally impossible facts, and fails to establish any lawful basis for fugitive or non-fugitive extradition jurisdiction.

*(Consists of the two-page probable cause complaint, including affiant signature page and magistrate notation.)*

**Exhibit P**

**Ultra Vires January 14, 2026 Order of County Court at Law No. 2 (CCL2)**

Order entered by Judge Laura Barker purporting to commit Petitioner to custody "until a Governor's Warrant issues," despite the absence of a requisition, the absence of a Governor's Warrant, lack of fugitive status, and absence of statutory authority under the UCEA or Texas Code of Criminal Procedure Chapter 51. The order imposes no temporal limitation and authorizes indefinite detention without jurisdiction, rendering it void and ultra vires.

Date: February 3, 2026

# CERTIFICATE / PROOF OF SERVICE

STATE OF TEXAS )
) ss.
COUNTY OF WILLIAMSON )

I am competent, over the age of eighteen years, and not a party to the within action. My mailing address is, **care of:** 2082 Highway 183 #170-229. On or about **February 3, 2026**, I served the within documents:

1. **VERIFIED** NOTICE OF UNDISPUTED FACTS, JURISDICTIONAL DEFECTS, AND RESPONSE TO THE ATTORNEY GENERAL'S ADVISORY (Dkt. 32)

2. EXHIBITS G, O and P

Date: February 3, 2026

# SERVICE LIST

**By Certified Mail.** I placed a true and correct copy of the foregoing document in a sealed envelope, addressed to each person listed below, and deposited the envelopes into the custody of the United States Postal Service in Williamson County, Texas, with proper postage affixed, sent via **Certified Mail, Return Receipt Requested (USPS Form 3811)**. The mailing occurred in Williamson County, Texas, on the date indicated below. Service by mail is complete upon mailing.

**Sheriff of Williamson County, Texas**
In his official capacity as custodian of the Williamson County Jail
Williamson County Sheriff's Office
508 S. Rock Street
Georgetown, TX 78626
Certified Mail No. 9589 0710 5270 2739 9241 04

**United States Attorney**
Western District of Texas
Austin Division
816 Congress Avenue, Suite 1300
Austin, TX 78701
Certified Mail No. 9589 0710 5270 2739 9241 11

**Office of the Governor of Texas**
Criminal Justice Division – Extradition
P.O. Box 12428
Austin, TX 78711
Certified Mail No. 9589 0710 5270 2739 9241 28

**By Electronic Service.** I transmitted a true and correct copy of the foregoing document by electronic service to each recipient listed below by sending the document to their publicly available or designated official email address. Transmission was completed from Williamson County, Texas, on the date indicated below. Electronic service is deemed complete upon successful transmission.

**United States Attorney**
Western District of Texas

Austin Division
**Email:** ***usa.txw@usdoj.gov***

**Office of the Texas Attorney General**
Criminal Justice Division
**Email:** ***criminaljustice@oag.texas.gov***

**Bridget Chapman**
Williamson County Attorney's Office
***Email**: **bridget.chapman@wilcotx.gov***

**Office of the Texas Attorney General**
Criminal Justice Division
Attn: Tomee Heining, Assistant Attorney General
***Email: caddocket@oag.texas.gov***

**Gunnar P. Seaquist**
Counsel for Williamson County Sheriff
***Email: gseaquist@bickerstaff.com***

**Sara Labashosky**
Counsel for Williamson County Sheriff
***Email: slabashosky@bickerstaff.com***

**Canon P. Hill**
Counsel for Williamson County Sheriff
***Email: chill@bickerstaff.com***

**Cara Hanna**
*Attorney in charge - Office Of The Attorney General Of Texas*
***Email: cara.hanna@oag.texas.gov***

I declare under penalty of perjury under the laws of the United States and the State of Texas that the foregoing is true and correct. Executed on February 3, 2026, in Williamson County, Texas.

***/s/Chris Yarbra/***
Chris Yarbra

# -Exhibit G-



# ARREST WARRANT

ORIGINAL

MARTIN COUNTY, FLORIDA

Clerk Case No: 25000913CFAXMX

STATE OF FLORIDA
-vs-
KEVIN LEWIS WALKER
Defendant

Agency: Martin County Sheriff's Office
Agency#: 2025-00060821
Lead Officer: Detective Jennifer C Jaques
ASA: Kaitlin Lustgarten
ASA Approve Date: Jul 28, 2025

In the name of the State of Florida -
To all and Singular Sheriffs of the State of Florida and to Any State Attorney Investigator - Greetings:

You are HEREBY COMMANDED to arrest:

Def Name: KEVIN LEWIS WALKER
Address: [redacted] Temecula California, [redacted]
DOB: [redacted]
Race/Sex: [redacted]
Ht/Wt: [redacted]
Eye/Hair: [redacted]
SSN: [redacted]
DL#: CA[redacted]
FDLE:
FBI
Alias:

Whereas upon the sworn affidavit, complaint or other sworn testimony of Detective Jennifer C Jaques of the Martin County Sheriff's Office the undersigned Judge, has found that there exists probable cause to believe that one KEVIN LEWIS WALKER, in Martin County, Florida did commit the below listed offense(s), contrary to the provisions of Florida Statutes.

| Count(s) | Offense Code | Charge Description | Bond Amt | Total Amt |
|---|---|---|---|---|
| 1 | FSS 817.535 (2)(a) | FRAUD-FALSE STATEMENT - UNLAWFULLY FILE FALSE DOCUMENT – F/3 | $10,000.00 | $10,000.00 |
| 1 | FSS 836.05 (1) | EXTORT - EXTORT OR THREATEN ANOTHER PERSON – F/2 | $40,000.00 | $40,000.00 |

COUNT 1 UNLAWFUL FILING OF FALSE DOCUMENTS AGAINST PROPERTY (F 3)
COUNT 2 EXTORTION (F 2)

COUNT 1: On or Between March 28, 2025 and June 9, 2025 Kevin Lewis Walker did file or directed a filer to file, with the intent to defraud or harass another, any instrument containing a materially false, fictitious, or fraudulent statement or representation that purports to affect an owner's interest in the property described in the instrument, in violation of Florida Statute 817.535(2)(a);

| Agency Name: **Martin County Sheriff's Office**<br>Agency Case # 2025-00060821 | Defendant Name: KEVIN LEWIS WALKER<br>SA Case ID: 2025-43-000416 |
|---|---|
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on: Jul 28, 2025 |

Page 13

Page 2 of 20

COUNT 2: On or Between March 28, 2025 and June 9, 2025 Kevin Lewis Walker did unlawfully, by verbal, written, or printed communication, maliciously threaten to accuse another of a crime or offense, or maliciously threaten an injury to the person, property or reputation of another, or maliciously threaten to expose another to disgrace, or to expose any secret affecting another or to impute a deformity or lack of chastity to another, with the intent thereby to extort money or any pecuniary advantage whatsoever, or with the intent to compel the person so threatened, or any other person, to do any act or refrain from doing any act against the person`s will, in violation of Florida Statute 836.05;

These Are Therefore to Command you to forthwith arrest and bring the above-named defendant before me to be dealt with according to law.

Given under my hand and seal this 28th day of Jul, 2025.

William Roby

Judge William L Roby
19TH JUDICIAL CIRCUIT - MARTIN
COUNTY OF MARTIN
STATE OF FLORIDA

Condition of Bond Release/Release on Recognizance:

**[X]** No Contact with Victim: Until further order of the Court or the charge is dismissed by the State, the Defendant shall not directly or indirectly contact the victim in person, by mail, e-mail, fax, telephone, through another person, or in any other manner. This restriction shall include the following condition(s), if marked:

**[X]** Defendant may not knowingly come closer than 50 feet to the victim at any public place, except for court proceedings, or within 500 feet of the victim's residence or place of employment, or 100 feet of any vehicle regularly driven by the victim.

**[]** Defendant may go to victim's residence one time with a law enforcement officer to get Defendant's clothing and personal effects.

**[]** Defendant may speak to victim on the telephone *only* to discuss sharing parental responsibility for their minor child(ren).

**[X]** If marked, Defendant shall be held without bond until the First Appearance Hearing.
**[]** OTHER BOND CONDITIONS:

| Agency Name: **Martin County Sheriff's Office**<br>Agency Case # 2025-00060821 | Defendant Name: KEVIN LEWIS WALKER<br>SA Case ID: 2025-43-000416 |
|---|---|
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on: Jul 28, 2025 |

# IN THE CIRCUIT/COUNTY COURT 19th JUDICIAL CIRCUIT IN AND FOR MARTIN COUNTY FLORIDA

**AFFIDAVIT**

**State of Florida**
**vs. KEVIN LEWIS WALKER**
In MARTIN COUNTY,
State of Florida

**Court Case Number**
**25000913CFAXMX**

**Agency Case Number**
**2025-00060821**

To all and singular Sheriffs of the State of Florida whereas Detective Jennifer C Jaques has made an oath on Jul 22, 2025, that KEVIN LEWIS WALKER in the aforesaid county did unlawfully violate

| Count(s) | Offense Code | Charge Description |
|---|---|---|
| 1 | FSS 817.535 (2)(a) | FRAUD-FALSE STATEMENT - UNLAWFULLY FILE FALSE DOCUMENT |
| 1 | FSS 836.05 (1) | EXTORT - EXTORT OR THREATEN ANOTHER PERSON |

contrary to the law in such case and provided, and against the peace and dignity of the State of Florida

**Statement of Probable Cause / Narrative**

Date of Crime: 03-28-2025 to 06-09-2025
Time of Crime: 08:00

On April 17, 2025, I was advised of a possible fictitious real estate document which was trying to be recorded with the Martin County Clerk's Office. Lt. M. Skowronski was notified by Martin County Clerk of the Circuit Court and Comptroller, Carolyn Timmann, that they believed Bruce Quinn, a property owner in Martin County, was the victim of someone trying to take his property in Sailfish Point. Lt. Skoronski provided me with paperwork, and stated Timmann reached out to Quinn, who was expecting our call.

I spoke to Timmann and Chief Deputy Clerk, Cheri Vancora, regarding the documents and the background regarding this incident. I learned someone by the name of Kevin Walker sent an "Affidavit of Lis Pendens and Constructive Notice of Secure Equitable Interest in Real Property Located at 3016 SE Dune Drive, Stuart, FL 34996", via mail to the Official Records Department. The affidavit was sent to their P.O. Box, which is an accepted way to file official recordings/records in Martin County. The document stated it should be returned to Real Private IRR Trust, c/o [redacted], Temecula, California [redacted] It identified Walker as the "Authorized Representative" of Real Private IRR Trust.

Timmann and Vancora told me the record/instrument Walker was trying to record did not meet the statutory requirements to record it and had a technical flaw, therefore it was "suspended", and returned to Walker.

On April 14, 2025, at 12:08PM, Brianna Gagliardo, manager of the Official Records, received an email from [redacted] with the subject line being "Unlawful Rejection of Recordable Instrument: Affidavit of Lis Pendens (State Case #25000368CAAXMX)". It was from Kevin Walker, who addressed himself as "Attorney-In-Fact", with the Walkernova Group. The email was to "*address your office's refusal to record.... Such refusal, without written cause or statutory authority, constitutes an obstruction of a lawful filing and may amount to willful administrative misconduct.*" The email argued that everything was done correctly, and she was "hereby instructed" to record the Affidavit of Lis Pendens, or "*provide a written statement citing the precise statutory authority under which your office claims the legal basis for the denial of this filing*".

| Agency Name: **Martin County Sheriff's Office**<br>Agency Case # 2025-00060821 | Defendant Name: KEVIN LEWIS WALKER<br>SA Case ID: 2025-43-000416 |
|---|---|
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on: Jul 28, 2025 |

At 12:12, Gagliardo got the same exact email from [redacted]com. At 12:17PM, she got another email from this email address, requesting a written explanation citing the specific statute that prohibits its recordation, and argues as to why it should have been recorded. Later, Walker called in to the Clerk's Office, to argue his point using aggressive behavior, profanity, and calling the employees vulgar names. Gagliardo brought the emails and phone call to Timmann's attention, who reviewed them and let Lt. Skowronski know. Timmann told me her office is very aware of the ongoing trend in which criminals file fraudulent instruments and take over real property. They pay special attention to the documents in relation to this.

Timmann explained that while Walker sent the document via USPS mail to be recorded in the Official Records, he also filed documents on the Clerk's Office E-Filing Portal, which allows electronic filing of documents for court cases 24 hours a day, 7 days a week. I was provided with his profile page on the E-portal

sented. The address provided is [redacted] The phone number associated is [redacted] and the email address is [redacted]om.

Sergeant Deckard and I met Quinn at his home at 3016 SE Dune Drive, in Sailfish Point. Quinn told us he listed his home for sale in September of 2024. He told us he was told by the Broker at Sailfish Point Realty that there was an offer of $45,000,000 by a trust. Quinn stated he told the broker to schedule a meeting, however the interested party never followed through or agreed. Quinn stated he thought that was the end of it until he began to receive notices of court filings against him. Quinn told me "Real Private IRR Trust By and Through its Fiduciary and Executor Kevin Walker" filed the Lis Pendens on his property, which put a cloud on it. Quin told me since then, other filings have been filed against him, his wife Susan, and one of his LLC's, Q2 Management. He told me that also listed in the lawsuit is Martin Conroy, Susan Turner, and Sailfish Point Realty LLC.

Quinn told us that his attorney was involved and did research into Kevin Walker and learned he has an Instagram account [redacted] Quinn told us the account appears to be dedicated to telling people how to take over real property and pushing [redacted] Quinn told me he felt Walker was threatening him with the lawsuits, and didn't like the verbiage he used such as "…stands ready to finalize this matter peacefully and equitably". Also in the letter, Walker says "Real Private IRR Trust…. Remains open to immediate conveyance, recording, or other honorable closure to prevent unnecessary litigation, legal costs, or further exposure". Walker has been sending the documents via USPS to his address. The latest mailed documents have a handwritten note on it which says "We come peace. Have you been credited $45,000,000.00?". Quinn provided me with copies of the emails, and the letters sent.

On April 24, 2025, I spoke to Martin Conroy, who is the Broker/Managing Partner with Sailfish Point Realty. Conroy told me on March 28, 2025, the suspect, Kevin Walker, sent an email to Susan Turner, a Realtor with Cocoran Real Estate Group. Conroy provided me with the emails which are outlined below:

- March 28, 2025, at 11:37AM, initial email to Susan from Kevin Walker. The email states: *"Hi Susan, There is interest in making an offer for the asking price ($45,000,000.00) and acquiring the property located at 3016 SE Dune Drive, Stuart, Florida 34996. - https://www.zillow.com/homedetails/3016-SE-Dune-Dr-Stuart-FL-34996/54567377_zpid/ Would you be able to provide a purchase agreement for review? This would be a straightforward, no-contingency purchase, with the property titled to a*

| Agency Name: **Martin County Sheriff's Office**<br>Agency Case # 2025-00060821 | Defendant Name: KEVIN LEWIS WALKER<br>SA Case ID: 2025-43-000416 |
|---|---|
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on: Jul 28, 2025 |

Page 2

Page 5 of 20

*private trust. Please note that both the funds and the acquisition are private. A executed purchase agreement is required to appropriately handle the obligation. Best, Kevin".*

- March 28, 2025, at 8:41AM, Susan responded with "Please Explain".

- March 28, 2025, at 12:03PM, Walker responded: *"Hi Susan, Thank you for your response. To clarify: There is sincere interest in acquiring the property located at 3016 SE Dune Drive, Stuart, Florida 34996, at the full asking price of $45,000,000.00. This would be a straightforward, no-contingency transaction, with the property to be titled to a private trust. The funds and the acquisition process are private, and the structure is already in place to proceed. To move forward appropriately, we are requesting a purchase agreement for review and execution, as this is a necessary instrument to formally handle and process the obligation. We're prepared to close within a customary or expedited timeline based on your preference."*

- March 28, 2025, at 11:21AM, Susan responds: *"Kevin, Would this be in a Florida Land Trust? May we schedule a ZOOM call so that I can ask you a few questions and find out more specifics? Thank you, Susan".*

- March 28, 2025, at 11:46AM, Walker responded: *Hi, Yes, the title would be held in a private trust, and a Florida Land Trust structure is certainly within consideration depending on how the title company prefers to handle the conveyance and recording. The goal is to preserve privacy and administrative flexibility. At this time, I'm traveling and prefer to keep all communications in writing to ensure clarity, accuracy, and a clear paper trail for all parties involved. I've found this approach also helps maintain discretion and avoids any misunderstandings that can sometimes arise from informal or verbal exchanges. I'd be happy to answer any specific questions you may have—feel free to send them over, and I'll respond promptly and thoroughly."*

- March 28, 2025, at 8:01PM, Walker sends Susan and Conroy: "*Hi Susan and Martin, Attached to this email is a binding offer (if accepted) for the purchase of 3016 SE Dune Drive, Stuart, Florida 34996, at the full asking price of $45,000,000.00. The offer reflects a private, no-contingency acquisition, with the property to be titled in a private trust and funded through privately administered means. All relevant terms are outlined in the attached document for your review and consideration. Please feel free to return the signed offer via email—an electronic signature and scanned or digital copy is perfectly acceptable for our records. Kindly note that this offer will remain valid for 72 hours from the time of this email and will expire thereafter unless accepted in writing. Looking forward to your response. Kevin, Authorized Representative".*

I reviewed the attached binding offer, which was only signed by Walker.

- March 29, 2025, at 11:28AM, Conroy sends Walker: "*Good afternoon Kevin, The seller is interested in your offer and has requested a phone call between you, Susan and me to discuss further. Would you prefer that we give you a call, or would you like to call us? The owner has asked that we connect either today or tomorrow. You can reach Susan at [redacted] and me at [redacted] Thanks, Martin".*

- The next email Walker sent is to Conroy and Susan and was sent April 5, 2025, at 5:06PM. The email states" *Dear Martin Conroy and Susan Turner, I hope this message finds you well. This email serves to confirm that you received, acknowledged, and expressed interest in the offer to purchase the property at 3016 SE Dune Drive, dated March 28, 2025, including a proposed Zoom meeting which I*

| Agency Name: **Martin County Sheriff's Office**<br>Agency Case # 2025-00060821 | Defendant Name: KEVIN LEWIS WALKER<br>SA Case ID: 2025-43-000416 |
|---|---|
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on: Jul 28, 2025 |

Page 3

Page 6 of 20

*did not reject or cancel, but simply did not respond to while traveling. Nonetheless, your actions—including continued communication and the removal of the property from the market shortly thereafter—constitute consideration, acceptance, and performance in line with the terms of the original offer. These actions are consistent with a meeting of the minds and the formation of a binding agreement under both contract and commercial law. Please find attached the formal Affidavit of Sale, Tender, Accepted Offer, Discharge, and Vesting of Title in Real Private IRR Trust, with Demand for Grant Deed and Close of Escrow. This affidavit documents the relevant facts and preserves the record of this transaction. Should you require anything further to proceed with the completion of escrow and delivery of title, please advise via registered or express mail within three (3) calendar days. Thank you in advance for your attention and honorable cooperation."*

- On April 5, 2025, at 7:22PM, Walker sends another email to Conroy and Susan with an "amended affidavit".

- On April 6, 2025, at 10:48AM, Walker sends Conroy, Susan, Bruce Quinn, and his wife Susan Quinn, and email which states: "*Dear Martin Conroy, Susan Turner, Bruce W. Quinn, Susan L. Quinn, Fiduciary(ies), I hope this message finds you well. Please find attached a duly executed Affidavit of Perfected Security Interest, Equitable Claim, and Demand for Lawful Deed of Conveyance concerning the real property located at: 3016 SE Dune Drive, Stuart, Florida 34996. This affidavit has been submitted in good faith, with clean hands, and in accordance with commercial law, equity, and public policy. It serves as both actual and constructive notice of a perfected and recorded security interest by the Real Private IRR Trust, Lawful tender and acceptance by conduct under UCC Article 2 and 3, And a formal demand for deed and transfer of title in accordance with the original instrument delivered and accepted in performance. The affidavit includes all supporting exhibits, proof of service, and reference to the prior unrebutted affidavit already served. A rebuttal or good faith response is respectfully requested within the timeline specified therein. If any further information, clarification, or documentation is required to complete the lawful conveyance, please advise promptly by registered or express mail to the address provided within the affidavit, or via email and registered or express mail. Thank you for your attention to this important matter. We respectfully seek resolution in peace and equity."*

- On April 6, 2025, at 5:35PM, Walker sends them another email which states: "*I hope this email finds you well. This message serves as a final good faith communication regarding the property located at: 3016 SE Dune Drive, Stuart, Florida 34996. As you are aware, a signed commercial offer and negotiable instrument were tendered on or about March 28, 2025, by Real Private IRR Trust, and acknowledged via email. On or about April 1, 2025, the property was removed from the market, evidencing acceptance by conduct and forming a binding agreement under equity, contract law, and the Uniform Commercial Code. To date, no formal response, deed transfer, or escrow closing has taken place. The instrument has not been returned, rebutted, or dishonored. Accordingly, value has been lawfully tendered and accepted by operation of law. Please be advised that if no communication or performance is received within 72 hours, the undersigned may proceed to file IRS Forms 1099-A and 1099-OID, reflecting the acquisition and value recognition of the secured property; And, if necessary, IRS Form 1099-C for discharge of obligation. These filings will reflect the status of the transaction, the retained instrument, and any commercial benefit derived by the receiving party. This process is lawful and proper under 26 U.S.C. § 6041, 31 U.S.C. § 5118, and UCC §§ 3-303, 3-603, and 9-509, and will create a permanent federal record. Please understand this is not a threat, but an opportunity to resolve this matter peacefully, privately, and equitably. If there is any intention to move forward in good faith, please respond via registered or express mail and email within 72 hours*

| Agency Name: **Martin County Sheriff's Office**<br>Agency Case # 2025-00060821 | Defendant Name: KEVIN LEWIS WALKER<br>SA Case ID: 2025-43-000416 |
|---|---|
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on: Jul 28, 2025 |

Page 4

Page 7 of 20

*of this notice. I look forward to your good faith reply and a proper conclusion in honor.— "Silence where there is a duty to speak is fraud." "He who does not deny, admits.".*

- On April 8, 2025, at 10:29AM, Walker sends them another email, reiterating the above. It states: "*This message serves as a follow-up to our prior communication regarding the lawful tender and acquisition of the property located at: 3016 SE Dune Drive, Stuart, Florida 34996. As outlined previously, a valid commercial tender and negotiable instrument were executed and delivered on March 28, 2025, and acknowledged via email correspondence. The subsequent removal of the property from the market on or about April 1, 2025, confirmed acceptance by conduct under established contract law, equity, and UCC §§ 2-204, 2-206, 3-104, 3-303, 3-601, and 3-603. To date, there has been no formal deed transfer, escrow closure, or good faith reply. The tendered instrument remains unrebutted and undischarged. Unless a good faith response or closure communication is received today by 12:33 PM Pacific Time, the undersigned intends to proceed with the filing of the attached Affidavit of Lis Pendens and Constructive Notice of Secured Equitable Interest, along with the associated instruments and records in the public domain. The filing will establish and perfect the Trust's constructive and commercial claim on the property, pending further judicial or equitable remedy. This final outreach is made in good faith, in equity, and with clean hands, in pursuit of peaceful settlement. We continue to welcome a prompt, honorable resolution without the need for further enforcement action.*".

- On April 8, 2025, at 12:50PM, Walker sends another email which states: "*This message serves as a final follow-up to our prior communications concerning the lawful acquisition of the real property located at: 3016 SE Dune Drive, Stuart, Florida 34996. As previously stated, a valid commercial tender and negotiable instrument were executed and delivered on March 28, 2025, by Real Private IRR Trust. These were acknowledged via email correspondence from your office. On or about April 1, 2025, the property was removed from the market—constituting material acceptance by conduct, constructive performance, and meeting of the minds, thereby forming a binding agreement under contract law, equity, and governing provisions of the Uniform Commercial Code, including: UCC § 2-204 & § 2-206 – Contract formation by conduct and acceptance. UCC § 3-104 & § 3-303 – Valid negotiable instrument and value. UCC § 3-601 & § 3-603 – Discharge of obligation by tender. No formal deed transfer, escrow closure, or good faith response has been received. The instrument remains unrebutted, undischarged, and by all standards, accepted as lawful tender. Accordingly: The Affidavit of Lis Pendens and Constructive Notice of Secured Equitable Interest has now been filed and perfected in the public record. Attorney fees and enforcement costs are now accruing, and failure to perform may soon constitute obstruction and commercial bad faith. If the deed is not conveyed and escrow is not closed by April 11, 2025, a Quiet Title Action will be filed on April 14, 2025 in the appropriate jurisdiction. Continued silence may trigger personal and fiduciary liability, as well as federal claims under 18 U.S.C. §§ 1341, 1343, 241, and related commercial statutes. This communication is made with clean hands and in good faith, in equity and commerce. A peaceful resolution remains preferred and open until the deadline stated above.*".

- On April 8, 2025, at 6:53PM, Walker sends another email to them, which states: "*This message serves as a final opportunity to settle and close the matter concerning the property located at: 3016 SE Dune Drive, Stuart, Florida 34996. As a good faith gesture, we now offer a private and final opportunity to peacefully resolve this matter. Enclosed is a formal "FINAL NOTICE AND DEMAND FOR CONVEYANCE, RELEASE, AND EQUITABLE CLOSURE, with Hold Harmless Agreement and Mutual Release of Claims," which ensures that, upon proper transfer of title and lawful closure of escrow by April 11, 2025 (preferably April 9, 2025), all parties shall be held harmless and released*

| Agency Name: **Martin County Sheriff's Office**<br>Agency Case # 2025-00060821 | Defendant Name: KEVIN LEWIS WALKER<br>SA Case ID: 2025-43-000416 |
|---|---|
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on: Jul 28, 2025 |

Page 5

Page 8 of 20

*from further claims, damages, or proceedings. This is an opportunity to conclude this transaction privately, equitably, and with clean hands, without further liability, recordation delays, or federal action. If the property and deed are conveyed by April 11, 2025 (preferably April 9, 2025), no further enforcement or public filings will be pursued. Failure to do so will result in Filing of a Verified Quiet Title Action in equity; Federal claims for obstruction, fraud, or conversion; Additional damages and legal fees due to breach of equity and failure to respond under commercial obligation. This is your opportunity to settle all claims in peace and honor. Kindly respond or perform in good faith.".*

- On April 9, 2025, at 10:26AM, Walker sends them another email, which states: "*I am writing to provide you with a courtesy copy of the Verified Complaint to Quiet Title and for Equitable Relief prepared by the REAL PRIVATE IRR TRUST, regarding the property located at 3016 SE Dune Drive, Stuart, Florida 34996. As you are aware, a lawful and unconditional commercial tender was delivered and remains unrebutted, and multiple notices and affidavits have been served in good faith under both commercial and equitable standards. This trust has remained committed to transparency, good conscience, and peaceful resolution at every stage of this matter. While the Verified Complaint is now finalized and ready for immediate filing, I would still prefer that we avoid unnecessary litigation. In that spirit, I am extending this final opportunity to complete escrow, convey title, and settle the matter honorably and privately. Please be advised: Upon filing, the opportunity for a hold harmless release and mutual release of claims—previously extended in good faith—will expire. Any legal costs (At least $10,000,000), time, and court intervention associated with the complaint will then proceed in the public record.I remain available to resolve this efficiently, amicably, and equitably. A peaceful closure is still possible, but time is of the essence. Please review the attached Verified Complaint in full. I encourage you or your legal counsel to respond within, should you wish to resolve this matter privately and in honor. Please note: A simple, good faith email, text message, or written acknowledgment stating that "escrow will close" will suffice to pause litigation and avoid further commercial default. Such communication—however brief—will preserve the opportunity to resolve this matter peacefully, and will prevent unnecessary legal action, fees, and potential exposure to civil liabilities and federal violations arising from nonperformance, misrepresentation, or constructive fraud.".*

- On April 9, 20205, at 12:56PM, Walker sends an email to them, which states: "*This communication serves as formal notice following your phone call dated April 9, 2025, wherein you explicitly admitted that you are "ignoring" all prior emails, notices, and affidavits served lawfully and in good faith concerning the property located at: 3016 SE Dune Drive, Stuart, Florida 34996. Your statement constitutes an intentional act of bad faith, commercial dishonor, and administrative default under both equity and commercial law. It confirms willful nonperformance and refusal to cure — despite full, lawful tender and multiple opportunities for peaceful closure. As such, please be advised that: The Verified Complaint to Quiet Title and for Equitable Relief will be filed in court, along with all affidavits, emails, the accepted offer and negotiable instrument, and other evidence. Attached is the duly executed Affidavit of Commercial Dishonor, now part of the permanent record and forming the basis of judicial enforcement. This affidavit establishes, under penalty of perjury: That a $45,000,000 negotiable instrument was lawfully delivered, not returned, not rebutted, and remains dishonored; That you, as an agent of record, have retained the instrument or its benefit in violation of fair dealing and equity; That no effort has been made to perform, rebut, or resolve, and instead a verbal admission of disregard was made. Accordingly, all equitable protections previously extended — including the opportunity for private closure, mutual release of claims, and hold harmless protections — are now rescinded. Per your words and bad faith actions the matter will proceed in court.".*

| Agency Name: **Martin County Sheriff's Office**<br>Agency Case # 2025-00060821 | Defendant Name: KEVIN LEWIS WALKER<br>SA Case ID: 2025-43-000416 |
|---|---|
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on: Jul 28, 2025 |

Page 6

Page 9 of 20

- Following that, on April 10, 2025, at 2:16PM, Walker sends Conroy an email which states: "*Dear Martin, I trust this message finds you well. As you are aware, a Verified Complaint has now been formally filed regarding the matter involving the property at 3016 SE Dune Drive, and all relevant filings and affidavits have been entered into the public and administrative record. Despite this action, I want to reiterate that we continue to operate in good faith, honor, and equity. We remain open to any form of equitable settlement, conveyance, or mutually beneficial resolution that can bring this matter to a peaceful and efficient close. If you, Sailfish Point Realty, Q2 Management, Bruce, Susan, or any other involved party would like to engage in settlement discussions or propose a good-will resolution, we are fully prepared to consider all lawful offers and act with fairness. That said, continued silence, evasion, or bad faith actions will be construed as willful dishonor and breach of fiduciary duty. Let it be known that all named Defendants are now administratively presumed to be in dishonor unless and until rebutted by sworn affidavit or lawful performance. Should this matter not be resolved equitably and in good faith, we are fully prepared to escalate the case to federal court. Additional claims for criminal conspiracy, commercial fraud, mail fraud, and breach of fiduciary duty may be asserted under Title 18 U.S. Code and applicable Florida and federal statutes. Every act of obstruction or concealment going forward will compound liability. This invitation stands as an opportunity to resolve matters privately and without unnecessary prolonging of litigation or increased legal expense. Our intent remains the peaceful finalization of what has already occurred in fact and in commerce. Please feel free to reach out directly should you wish to initiate a constructive dialogue.*".

- On April 11, 2025, at 12:58PM, Walker sends all of them another email, which states: "*In continued good faith and honor, please find attached the following two documents for your formal attention and acknowledgment: 1. Private Settlement Offer to Convey Title – outlining final opportunity to resolve this matter peacefully, with mutual release of claims upon timely deed conveyance. 2. Affirmation of Acceptance by Conduct and Equity – documenting the legal and equitable basis for contract formation based on your prior communications, agency conduct, and removal of the property from public listing. As you are aware, your prior response confirming the seller's interest and requesting a call to move forward, followed by the subsequent delisting of the property, constitutes acceptance by conduct under both UCC §§ 2-204 and 2-206, and is further recognized in equity. No further performance is required on our part. The offer has been lawfully tendered, accepted, and unrebutted. A Lis Pendens has been recorded in Martin County and Court and remains active. That said, the Trust remains open to a peaceful, honorable, and efficient resolution. You may prevent further judicial enforcement by coordinating immediate execution and recording of the General Warranty Deed in favor of: "Real Private IRR Trust, dated February 7, 2022". Failure to respond, delay, or continued silence will be treated as further dishonor. As previously stated, all Defendants are presumed in default. We are prepared to escalate the matter to federal court for constructive trust, breach of fiduciary duty, and further relief if equity is not observed. Please confirm receipt and your intent within 72 hours of this notice.*"

- On April 14, 2025, at 11:30AM, Walker sends Conroy and Susan an email which states: "*This message serves as a final good faith communication and notice of intent to sue you BOTH, personally and in your public capacities. We have noticed you, emailed you, called you, and already filed a lawsuit. Regardless, you continue to willfully and intentionally violate State and Federal law. Despite our repeated efforts to resolve this matter honorably and equitably, including private settlement offers, notices, affidavits, and recorded filings, no meaningful response, rebuttal, or good-faith remedy has been provided. Your continued silence and failure to perform have created commercial default, breach of fiduciary duty, and dishonor under both equity and law. Absent immediate remedy or lawful closure, a federal lawsuit will be filed against both you and Susan Turner in your individual*

| Agency Name: **Martin County Sheriff's Office**<br>Agency Case # 2025-00060821 | Defendant Name: KEVIN LEWIS WALKER<br>SA Case ID: 2025-43-000416 |
|---|---|
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on: Jul 28, 2025 |

Page 7

Page 10 of 20

*and commercial capacities for, including but not limited to: Fraudulent concealment and breach of fiduciary duty. Conversion of commercial instruments and failure to return tender. Constructive fraud and bad faith dealings. Violations of 18 U.S.C. § 1341 (Mail Fraud). Intentional interference with a lawful contract and trust transaction. Civil RICO violations under 18 U.S.C. § 1964 (if applicable pattern established). The record clearly shows acknowledgment of the offer, acceptance by conduct, and failure to perform —followed by an explicit admission of willful ignorance. These facts, combined with unrebutted affidavits, perfected security interest filings, and the removal of the subject property from the market, give rise to clear legal standing for action in both equity and federal jurisdiction. Should you wish to resolve this matter without further escalation, we remain open to peace, equity, and private remedy. Time is of the essence. Please reply or have counsel respond within 24 hours of receipt of this notice, or the SUMMONS, CIVIL COVER SHEET, VERIFIED COMPLAINT, and EVIDENCE will be filed in Federal court against you personally, and this will become a public matter covered by new channels and media outlets.".*

Along with the numerous emails outlined above from [redacted] Conroy was served with court documents which were being served upon him, via email from [redacted] which is the group Walker is affiliated with. The documents were filed using the E-filing portal system Timmann told me about. The emails and court documents in relation are listed below:

| Date: | Parties: | Document: | Case #: | Notes: |
|---|---|---|---|---|
| 4/9/2025 | Real Private IRR Trust vs Martin Conroy | 1. Verified Complaint to Quiet Title and For Equitable Relief, 2. Exhibits A through M | Filing #220698109 | Sender: "Chris on behalf of, Plaintiffs [redacted] From [redacted] To: Conroy, Turner cc'd |
| 4/10/2025 | Real Private IRR Trust vs Martin Conroy | 1. Verified Complaint to Quiet Title and For Equitable Relief, 2. Exhibits A through M, 3. Summons | 25000368CAAXMX | Sender: "Chris on behalf of, Plaintiffs [redacted] From [redacted] Conroy, Turner and Walker cc'd |
| 4/11/2025 | Real Private IRR Trust vs Martin Conroy | 1. Notice of Filing Exhibits/Evidentiary Materials, 2. Exhibits A through M | 25000368CAAXMX | Sender: "Chris on behalf of, Plaintiffs [redacted] From [redacted] to Conroy and Turner cc'd |
| 4/19/2025 | Real Private IRR Trust vs Martin Conroy | 1. Demand for Summary Judgement in Equity, 2. Notice of Filing Proposed Final Judgement, 3. Proposed Final Judgement Quieting Title | 25000368CAAXMX | Sender: "Chris on behalf of, Plaintiffs [redacted] From [redacted] to Conroy and Turner. [redacted] |
| 4/19/2025 | Real Private IRR Trust vs Martin Conroy | 1. Amended Verified Complaint to Quiet Title and for Equitable Relief, 2. Exhibits A through M | 25000368CAAXMX | Sender: "Chris on behalf of, Plaintiffs [redacted] From |

| Agency Name: **Martin County Sheriff's Office**<br>Agency Case # 2025-00060821 | Defendant Name: KEVIN LEWIS WALKER<br>SA Case ID: 2025-43-000416 |
|---|---|
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on: Jul 28, 2025 |

Page 8

Page 11 of 20

| | | | | |
|---|---|---|---|---|
| | | | | [redacted] to Conroy and Turner cc'd |

On April 29, 2025, Conroy and Sailfish Point Realty LLC's attorney, Douglas Kress, filed a "Motion to Dismiss Amended Verified Complaint to Quiet Title and for Equitable Relief with Supporting Memorandum of Law". On June 3,2025, Judge M. McNicholas granted the motion to dismiss. On June 9, 2025, Walker, who is now going by "Kevin: Realworldfare" filed a federal lawsuit against Kress, Conroy, Sailfish Point Realty, Bruce and Susan Quinn, and Judge McNicholas for civil rights violations.

I investigated the Instagram account Quinn stated was Walker's and confirmed the things Quinn saw. In December of 2023, the [redacted] begin to present themselves as he ends his posts with [redacted] which means "means having full legal capacity to act on one's own behalf: not subject to the authority of another 2. qualified to enjoy full rights of citizenship.". He talks about how the government is corrupt, and that there is no such thing as money. Walker states things like "I formally reject any presumption that I am a citizen of the United States", and "The money of the [redacted] is his credit, he is the wealth for which no substance on earth can establish a value for." There are posts about the US Code, and claims to an instrument, and an affidavit certificate of non-response and judgement, which may be relevant to this case.

Through investigation, I learned Kevin L. Walker is a real person, with an address of [redacted] Temecula, California [redacted] His DOB is [redacted] and his phone number is listed as [redacted] He lives with his girlfriend [redacted] who is the mother of two of his children. The address used in all the court documents at [redacted] Temecula, California, is a Postal Annex business which holds post office boxes.

On April 29, 2025, I sent subpoena requests to the State Attorney's Office for subpoena issuance to Google, to confirm Walker is the owner of the email address which is sending the emails, to Domains By Proxy, which was identified as the domain host for [redacted] and Instagram (Meta), for subscriber information and IP addresses linked to the Instagram account Quinn believes is Walker.

On May 6, 2025, I received the responsive records from Google in reference to the subpoena I sent them on this case. I learned the email address [redacted] was created on December 19, 2015, and is in the name of Kevin W. The SMS recovery phone number linked to the account is [redacted] which is identified as a Bandwidth phone number. The IP address captured during the last login to the account is [redacted] This comes back to Charter Communications with a location in Temecula, California.

On June 12, 2025, I received the records from Instagram (Meta). They were unable to provide any IP address records, however I learned the Instagram account has a vanity name of "kevinlwalker", and an email address of [redacted]

On June 18, 2025, I received the responsive records from Domains By Proxy, in reference to the subpoena I sent them on this case regarding the email address walkernovagroup.com. Records provided indicate the Registrant Contact, Technical Contact, Administrative Contact, and Billing Contact is "Kevin Walker". His email is identified as [redacted] The address is [redacted] Temecula, CA [redacted] His phone number is identified as [redacted] Based on the evidence collected, it is apparent the email address is being operated by Walker, the same one I located at this address in Temecula, CA.

| | |
|---|---|
| Agency Name: **Martin County Sheriff's Office**<br>Agency Case # 2025-00060821 | Defendant Name: KEVIN LEWIS WALKER<br>SA Case ID: 2025-43-000416 |
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on: Jul 28, 2025 |

Page 9

Page 12 of 20

I spoke to Conroy and Susan Turner with Quinn at his residence. They confirmed no money was ever exchanged, and no contract or agreement was ever signed or spoken of. They all believe Walker is filing lawsuits against them, in an effort to get them to pay him, so that the lawsuits will be dismissed.

I attempted contact with Walker on June 27, 2025, however there was no answer. I tried again on July 8, 2025, and to date Walker hasn't returned my calls, or reached out to me.

Based on the totality of the circumstances, and evidence collected, there is probable cause to believe Walker is in violation of F.S.S. 817.535(2)(a), as he directed a filer to file, with the intent to defraud or harass the identified victims, an instrument (Affidavit of Lis Pendens and Constructive Notice of Secure Equitable Interest in Real Property Located at 3016 SE Dune Drive, Stuart, FL 34996) containing materially false, fictitious, or fraudulent statement or representation ("On or about March 28, 2025, a valid negotiable instrument constituting lawful tender was submitted to Martin Conroy and/or Susan Turner of Sailfish Point Realty, acting as fiduciaries on behalf of Q2 Management LLC, constituting a binding offer to purchase the subject property"). that purports to affect an owner's interest in the property described in the instrument ("This Affidavit of Lis Pendens is intended for recording in the public land records of Martin County, Florida, to serve as a formal notice under applicable Florida and equity law, and to provide third parties, buyers, and interested entities with constructive notice of the Claimant's secured, vested, and superior interest in the subject property, which shall take legal precedence over any subsequent or competing claimants who fail to rebut this filing in law or equity.").

There is also probable cause to believe Walker is in violation of F.S.S. 836.05, extortion. Walker made several written communications to the victims in this case (Bruce Quinn and Susan Quinn) who own the property on Dune Circle. The communications threatened to injure the property of the Quinn's, and were made maliciously, with the intent to extort money and/or their property. Walker also violated that statute when he made several written communications to Susan Turner, and Martin Conroy, and in the communications, he threatened to injure their reputation and expose them to disgrace. The threat was made maliciously, with the intent to extort money and/or Quinn's property.

**Witnesses**

**Victims**

W/M, Bruce W. Quinn, DOB: [redacted]

W/F, Susan Quinn, DOB: [redacted]

W/M, Martin Conroy, DOB: [redacted]

W/F, Susan M. Turner, DOB: [redacted]

| | |
|---|---|
| Agency Name: **Martin County Sheriff's Office**<br>Agency Case # 2025-00060821 | Defendant Name: KEVIN LEWIS WALKER<br>SA Case ID: 2025-43-000416 |
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on: Jul 28, 2025 |


[redacted]

**Vehicles**

I hereby request that an arrest warrant be issued for KEVIN LEWIS WALKER for violation of Florida State Statute(s) listed above. Under penalties of perjury, I, Detective Jennifer C Jaques, declare that I have read the foregoing and that the facts stated therein are true and correct to the best of my knowledge and belief.

Detective Jennifer C Jaques
Affiant

SWORN TO AND SUBSCRIBED before me on this the 23rd day of Jul, 2025.

Sergeant Joe Deckard

Law Enforcement Officer Authorized to Administer Oaths under F.S. 117.10.

| | |
|---|---|
| Agency Name: **Martin County Sheriff's Office**<br>Agency Case # 2025-00060821 | Defendant Name: KEVIN LEWIS WALKER<br>SA Case ID: 2025-43-000416 |
| Reviewing Prosecutor: Kaitlin Lustgarten | Judge Approved on: Jul 28, 2025 |

# -Exhibit O-



E25-049-2

Cause Number: ________
L.P.D. Case: 25-2959

COMPLAINT- Fugitive from Justice – Out Of State

**IN THE NAME AND BY THE AUTHORITY OF THE STATE OF TEXAS**

I, C. Alvarez, do solemnly swear that I have good reason to believe, and do believe, that Kevin Lewis Walker (B/M Hgt: 510 Wgt: 150 DOB: 08/19/1987 CADL: B6735991), who is hereafter called "Defendant", on or about the 28th day of November205 A.D., and before the making and filing of this complaint, in the County of Williamson and the State of Texas, did unlawfully then and there knowingly or intentionally commit the offense of **Fugitive From Justice – Out Of State** and had then and there fled from state of California to Williamson County, Texas, and is wanted on Arrest Warrant #25913CFA issued by the Martin County Sheriff's Office for the State of Florida charging him with the Offense of Extortion, in violation of the Penal Laws of the State of California.

**Affiant's belief is based on the following:**
Affiant is a Texas Peace Officer with approximately 4 years experience and is commissioned by the Leander Police Department.

On: 11/28/2025 at approximately 16:45 hours Ofc. Loudenback, was running stationary traffic at approximately the 2600 block of Hero Way Leander, TX, Williamson County, when he observed a black 2019 Lamborghini Urus (CALP: 9FB3E320) traveling westbound on Hero Way at the above-listed block range at approximately 40MPH in a 30MPH speed zone.

Ofc. Loudenback activated his overhead emergency lights to conduct a traffic stop at the intersection of RM 2243/Main St. on the above-listed vehicle information. He made contact with the driver of the vehicle who was later identified by name and date of birth as Kevin Lewis Walker (DOB: 08/19/1987).

Ofc. Loudenback conducted a TCIC/NCIC query of Kevin, who has an active driver's license (CADL: B6735991), and received an alert that Kevin had an active warrant (warrant #25913CFA) issued by the Martin County Sheriff's Office. The query indicated that Kevin had an address out of Riverside County California, which he later admitted to living in Riverside County, CA. Once Ofc. Loudenback was able to confirm with Leander Communications that Kevin did in fact have an active warrant from Martin County, FL, Ofc. Loudenback asked Kevin to exit the vehicle. Kevin was later detained in handcuffs that were double-locked and checked for proper fit.

I later arrived on-scene and once the warrant was confirmed, Kevin was placed into custody. I transported Kevin to the Williamson County Jail, where he was released to intake staff without further incident.

COUNTY COURT-AT-LAW ONE
STANDING ORDER
TO THE SHERIFF OF WILLIAMSON COUNTY, TEXAS
Page 3 of 16
E25-049-2
Against The Peace And Dignity Of The State
Affiant
Sworn to and subscribed before me by C. Alvarez #1521 on this 28th day of November, 2025 A.D.
Magistrate / Notary / Peace Officer
Williamson County, Texas
PROBABLE CAUSE FOUND
Nov 29, 2025
MAGISTRATE
5 Results - Page 1 of 1 Total Pages - 27 Total Pages Selected - 0
17th 2025 | 3:21 pm | Production | ccpublic

# -Exhibit P-

CAUSE NO. E25-049-2

| STATE OF TEXAS | § | IN THE COUNTY COURT |
|---|---|---|
| | § | |
| V. | § | AT LAW NO. 2 |
| | § | |
| KEVIN LEWIS WALKER | § | WILLIAMSON COUNTY, TEXAS |

**ORDER**

This case was called for a hearing on January 14, 2026. Bridget Chapman, Assistant District Attorney, appeared for the State of Texas. Kevin Lewis Walker ("Walker"), appeared *pro se*. At the hearing, on the record, the Court reviewed the case and made the following findings and orders:

1) On November 28, 2025 Walker was arrested.

2) On November 29, 2025, Walker was magistrate.

3) On November 30, 2025, at Walker's request, Attorney Lytza Rojas was appointed as course to represent Walker in this proceeding.

4) On December 12, 2025, this case was filed.

5) On December 15, 2025, a hearing was held. Bridget Chapman, Assistant District Attorney, appeared for the State of Texas. Lytza Rojas, appointed counsel for Kevin Lewis Walker, appeared. The hearing was recessed.

6) On December 17, 2025, the hearing resumed. Bridget Chapman, Assistant District Attorney, appeared for the State of Texas. Lytza Rojas, appointed counsel for Kevin Lewis Walker, appeared. At the hearing, on the record:

   - At Walker's request, the Court granted the Motion to Withdraw filed by attorney Lytza Rojas on December 15, 2025.

   - The Court granted Walker's request to represent himself in this case, pro se.

   - Walker confirmed that he did not want to waive a formal extradition hearing.

   - Walker was committed to custody of the Williamson County Sheriff until the Governor's Warrant Hearing as allowed by law.

   - The Court scheduled a hearing on January 14, 2026.

7) The State confirmed that on December 29, 2025, a Writ of Habeas Corpus was filed in Case No. 1:25-cv-02153-ADA; Kevin Lewis Walker v. The State of Texas and The Sheriff of Williamson County, Texas; In the U.S. District Court for the Western District of Texas.

8) The State advised the Court that the Governor's Warrant is in process and is currently pending with the Governor's Office, State of Florida.

9) Walker again confirmed that he did not want to waive a formal extradition hearing.

10) Walker was committed to custody of the Williamson County Sheriff until the Governor's Warrant Hearing as allowed by law.

11) The Court scheduled a hearing on February 18 at 1:30pm, 2026.

SIGNED January 14, 2026.

JUDGE LAURA BARKER

FILED
at 2:00 o'clock P M
JAN 14 2026 ES
Nancy E. Rister
County Clerk, Williamson Co., TX