UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KEVIN LEWIS WALKER, | § § | |
| PETITIONER, | § § | |
| v. | § § § | No.: A-25-CV-02094-ADA |
| STATE OF TEXAS and THE SHERIFF OF WILLIAMSON COUNTY, TEXAS, | § § § § | |
| RESPONDENTS. | § § | |

**THE SHERIFF OF WILLIAMSON COUNTY, TEXAS'S RESPONSE
TO PETITIONER KEVIN LEWIS WALKER'S
PETITION FOR WRIT OF HABEAS CORPUS**

**TO THE HONORABLE ALAN D. ALBRIGHT, U.S. DISTRICT JUDGE:**

Respondent, the Sheriff of Williamson County, Texas ("Respondent") files this response to Petitioner Kevin Lewis Walker's ("Petitioner" and/or "Walker") Petition for the Writ of Habeas Corpus under 28 U.S.C. § 2241. ECF 1. Walker alleges that he is being wrongfully detained on an out-of-state Florida warrant charging him with fraudulently filing false documents and extortion, which are felonies under the laws of that state. Walker's challenge to his confinement distills to his contention that he is not a "fugitive" and thus not subject to extradition, or alternatively, that Texas law entitled him to bail. As a threshold matter, Walker has not exhausted his remedies before the state courts and his petition fails on that basis alone. It also fails on the merits. The Uniform Criminal Extradition Act ("UCEA"), adopted as Section 51.13 of

the Texas Code of Criminal Procedure, provides the State of Texas discretion to extradite parties charged with committing crimes in another state, regardless of whether they are technically "fugitives", and to confine them without bail for up to 90 days to await a Governor's warrant on requisition of the charging state. This authority has long been upheld by the Fifth Circuit and justifies Walker's continued detention in this case. Accordingly, the Court should dismiss or deny the petition.

## BACKGROUND

### A. Traffic stop, arrest, and committal

On November 28, 2025, Petitioner was stopped for speeding in the City of Leander, Williamson County, Texas.[1] A TCIC/NCIC query of Walker's driver's license returned an alert that he had a felony arrest warrant out of Martin County, Florida.[2] Upon confirming the warrant was active, officers arrested Walker and transported him to the Williamson County Jail.[3]

Petitioner was magistrated the next morning and, based upon an affidavit before a magistrate and warrant thereon, was committed without bond,[4] pending extradition proceedings in Cause No. E-25-049-2, in the County Court at Law No. 2 of Williamson County, Texas.[5] Walker was initially appointed counsel to represent him in that proceeding. A hearing in that cause was held on December 15, 2025, and continued on December 17, 2025.[6] At the continuation of the hearing on December

---

[1] *See* Magistration Packet attached as Exhibit 1 to this response.
[2] Exhibit 1 at 2.
[3] *Id*.
[4] *Id*. at 1-3.
[5] Order of County Court at Law No. 2 in No. E-25-049-2 of January 14, 2026, attached as Exhibit 2.
[6] *Id*.

17, the court granted Walker's request to withdraw his court-appointed attorney so that he could represent himself.[7] The court further confirmed that Walker did not waive an extradition hearing.[8] Accordingly, the court committed Walker to the custody of the Williamson County Sheriff's Office until the Governor's Warrant Hearing, as allowed by law, which the court initially scheduled for January 14, 2026.[9]

At the January 14 hearing, the State advised the court that the Governor's Warrant was in process and pending with the Governor's Office, State of Florida.[10] After confirming again that Walker did not waive extradition, the court committed Walker to the custody of the Williamson County Sheriff's Office until the Governor's Warrant Hearing, as allowed by law, and set that hearing for February 18, 2026.[11] Walker remains in the Williamson County Jail, awaiting that hearing.

On February 5, 2026, the Governor of Florida, Ron DeSantis, issued a formal Extradition Requisition to Texas Governor Greg Abbott, who may review and improve it prior to issuing the Governor's warrant.[12]

### B. Habeas proceedings

Since his arrest, Walker has filed multiple habeas proceedings. First, on December 1, 2025, Walker filed *Kevin Lewis Walker v. Williamson County Sheriff, et al.*, No. 25-3432-C425 in the 425th Judicial District Court in Williamson County,

---

[7] *See* Exhibit 2.
[8] *Id.*
[9] *Id.*
[10] *Id.*
[11] *Id.*
[12] *See* Extradition and Requisition and Agent Appointment of the State of Florida, Office of the Governor, attached as Exhibit 3

Texas.[13] However, it does not appear that Walker ever requested the issuance or service of citation and took no action to prosecute that case. Recently, however, on February 3, 2026, counsel filed an appearance on behalf of Walker in the state extradition proceeding.[14] The following day, Walker filed an "Application for Writ of Habeas Corpus Challenging Confinement Related to Stalled Extradition" in that case, as well.[15]

While the state court proceedings were pending, Walker filed suit his initial federal habeas action against the State of Texas and Williamson County Sheriff's Office on December 19, 2025, in the Austin Division of the Western District of Texas, first, in Civil Action No. 1:2025-cv-02094. Then, erroneously believing that his continued commitment beyond 30 days provided another basis to challenge his confinement, Walker filed a second habeas action in this Court. *See* Civil Action No. 1:2025-cv-2153, ECF 1, at 4, § (V). This Court entered orders in both cases directing the named respondents to answer the petition within 28 days of receipt.[16] The Williamson County Sheriff's Office received the Court's orders and copies of the petition on January 9, 2026, making its answer deadline February 6, 2026. ECF 31.

---

[13] *See generally,* docket summary in *Kevin Lewis Walker v. Williamson County Sheriff, et al.*, No. 25-3432-C425 in the 425th Judicial District Court in Williamson County, Texas, attached as Exhibit 4.
[14] *See* Notice of Appearance filed in *State v. Walker*, Cause No. E-25-049-2, in the County Court at Law No. 2 of Williamson County, Texas on February 3, 2026, attached as Exhibit 5.
[15] *See* Application for Writ of Habeas filed in *State v. Walker*, Cause No. E-25-049-2, in the County Court at Law No. 2 of Williamson County, Texas on February 4, 2026, as Exhibit 6.
[16] On December 30, 2025, Walker also filed a mandamus proceeding with the Fifth Circuit. *See Walker v. United States District Court for the Western District of Texas Austin Division*, No. 25-51069, in the United States Court of Appeals for the Fifth Circuit, ECF 3-1.

Pursuant to the Court's orders, the Williamson County Sheriff's Office now timely answers the Petition for Writ of Habeas Corpus.

## ARGUMENTS AND AUTHORITIES

Walker's petition should be dismissed. First, although Walker has filed a state habeas action, he has not obtained a ruling in that case—let alone fairly presented his claims to the highest court of the state—and has therefore failed to exhaust available state law remedies. Second, even if Walker could establish an exception to the exhaustion requirement, which he cannot, the UCEA directly authorizes his committal for up to 90 days pending a requisition from Florida's Governor and the Governor Abbott's issuance of the Governor's warrant thereon.

### A. This Court should dismiss Walker's § 2241 petition because he has failed to exhaust available state court remedies on his claims.

Before requesting federal habeas relief under § 2241, Walker must have exhausted his claims in state court. *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987). Although the statutory language of § 2241 does not contain an exhaustion requirement, courts have judicially crafted an exhaustion doctrine, holding that "federal courts should abstain from the exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner." *Id.* at 225; *see also Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489–92 (1973); *Brown v. Estelle*, 530 F.2d 1280, 1284 (5th Cir. 1976); *Clark v. Anderson*, No. 4:01-CV-723-Y, 2001 WL 1631538, at *3 (N.D. Tex. Dec. 14, 2001).

The exhaustion doctrine applicable to § 2241 was judicially created on federalism grounds to protect the state courts' opportunity to resolve initially any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process. *See Clark*, 2001 WL 1631538, at *3 (citing *Braden*, 410 U.S. at 490–91); *see generally Rose v. Lundy*, 455 U.S. 509, 518 (1982) (explaining that the exhaustion requirement is "designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings"). In *Braden*, the United States Supreme Court determined that absent "special circumstances," a pretrial detainee may not adjudicate the merits of an affirmative defense to a state criminal charge before a judgment of conviction has been entered. *Braden*, 410 U.S. at 489. The "derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed. *Id.* at 493.

To satisfy exhaustion, Walker must have fairly presented all of his claims to the highest available state court for review. *See Deters v. Collins*, 985 F.2d 789, 795 (5th Cir. 1993) (citations omitted); *Richardson v. Procunier*, 762 F.2d 429, 432 (5th Cir. 1985); *see also Cotton v. Jefferson Cty.*, No. 1:13CV267, 2013 WL 3367299, at *1–2 (E.D. Tex. July 3, 2013). In Texas, all claims must be presented to the Texas Court of Criminal Appeals prior to filing a habeas petition in federal court. *Procunier*, 762 F.2d at 430–32; see *also Cotton v. Jefferson Cty.*, No. 1:13-CV-267, 2013 WL 3367299, at *1–2 (E.D. Tex. July 3, 2013). The petitioner must first file a pre-adjudication application for writ of habeas in the trial court under article 11.08 of the Texas Code

of Criminal Procedure. TEX. CODE CRIM. P. art. 11.08; *see Cotton*, 2013 WL 3367299, at *2. The trial court's ruling is then "reviewable upon direct appeal to an intermediate court of appeals (which is, in turn, subject to discretionary review by the Texas Court of Criminal Appeals)." *Ex parte Simpson*, 260 S.W.3d 172, 174 (Tex. App.—Texarkana 2008, no writ) (citations omitted); *see Cotton*, 2013 WL 3367299, at *2.

It is well-settled that federal courts can dismiss without prejudice a federal petition for writ of habeas corpus that contains unexhausted grounds for relief. *See Rose*, 455 U.S. at 510. It is also true that the Court may, in some circumstances, excuse a failure to exhaust and proceed to the merits of the unexhausted claims. However, the exceptions to exhaustion are narrow and they apply only "in those 'rare cases where exceptional circumstances of peculiar urgency' mandate federal court interference." *Deters v. Collins*, 985 F.2d 789, 795 (5th Cir.1993). Apposite here, courts that have addressed exhaustion in the specific context of extradition have held that exhaustion may be excused only upon a showing of "special circumstances." *See Whelan v. Noelle*, 966 F. Supp. 992, 997–98 (D.Or.1997); *West v. Janing*, 449 F.Supp. 548, 550 (D.Neb.1978). Thus, "[e]xceptions to the exhaustion requirement are appropriate where the available administrative remedies either are unavailable or wholly inappropriate to the relief sought, or where the attempt to exhaust such remedies would itself be a patently futile course of action." *Fuller v. Rich*, 11 F.3d 61, 62 (5th Cir.1994). The petitioner "bears the burden of demonstrating" an applicable exception to exhaustion. *Id.*

Here, it is clear from the petition that Walker has not satisfied the exhaustion requirement. Indeed, Walker explicitly pleads that "[a] verified petition was successfully filed in District Court on December 1, 2025, Cause No. 25-3432-C425." No. 1:25-cv-02094-ADA, ECF 1 at p.5; No. 1:25-cv-02153 at ECF 1, at 1 (identifying state court suit), ECF 1-5, p. 5). Walker alleges that the state case has remained pending without adjudication but does not allege that he ever requested issuance or service of citation; to the contrary, the docket sheet shows he has not done so. 1:25-cv-02094-ADA, ECF 1 at pp.5-6. Walker's petition further makes the conclusory allegation that "filings were blocked from Petitioner directly" and "filings were blocked through petitioners expressly authorized agent acting under Petitioner's express authorization and direction into the CCL2 case," but he makes no allegation regarding his state habeas suit. *Id.* Moreover, he fails to identify what documents were ostensibly "blocked" from filing or the reason they were blocked.[17] Nor does he make any showing that he sought relief through the state courts for any document that was ostensibly "blocked."

To the contrary, as shown in the attachments to this Response, counsel has recently filed their appearance on behalf of Walker in the state extradition case and renewed application for writ of habeas corpus has been filed.[18] As such, Walker's petition falls woefully short of carrying his burden of showing that state law remedies were either unavailable, wholly inappropriate to the relief sought, or patently futile,

---

[17] In point of fact, Walker has never been blocked from filing a conforming document under the rules on his own behalf.
[18] Exhibits 4 and 5.

as necessary to bring his claims within one of the rare exceptions to the exhaustion requirement. *Rich*, 11 F.3d at 62. Instead, Walker's petition establishes that state law remedies were available to him, but he simply failed to exhaust them. As he has neither exhausted his state law remedies nor carried his burden to establish an exception to that requirement, the Court should dismiss the petition. *Rose*, 455 U.S. at 510.

> **B. Walker's request likewise fails on the merits because the UCEA authorizes his arrest and committal, without bail, for up to 90 days while awaiting the requisition and Governor's Warrant.**

> **1. The State has discretion to extradite Walker whether or not he is technically a "fugitive" for purposes of mandatory extradition under the Constitution.**

The crux of Walker's merits argument is his misapprehension that he is not subject to extradition simply because he claims he was not present in Florida at the time of his crimes. Walker asserts that "because Petitioner has never been present in Florida and Florida does not allege otherwise, **no extradition authority exists under either § 2 or § 6** [of the UCEA], and continued detention for extradition purposes is **void ab initio**." 1:25-cv-02094-ADA, ECF 1 at pp.5-6 (emphasis in original). But the Fifth Circuit soundly rejected Walker's argument nearly 60 years ago in *Decker v. Miller*, 411 F.2d 302, 305 (5th Cir. 1969); *see also Morgan v. Horrall*, 175 F.2d 404 (9th Cir. 1949). As in that case, Walker's argument conflates the requirements for mandatory interstate extradition under the United States Constitution, with the discretionary extradition authority agreed to by the states

through the adoption of the UCEA. While the former requires a showing of fugitive status, the latter does not.

That is because under the federal Constitution, interstate extradition "[i]s intended to be a summary and mandatory executive proceeding derived from the language of Art. IV, § 2, cl. 2, of the Constitution." *See Michigan v. Doran*, 439 U.S. 282, 288, 99 S.Ct. 530, 58 L.Ed.2d 521 (1978). "The obvious objective of the Extradition Clause is that no State should become a safe haven for the fugitives from a sister State's criminal justice system." *California v. Superior Ct.*, 482 U.S. 400, 406, 107 S.Ct. 2433, 96 L.Ed.2d 332 (1987). "The Extradition Act, 18 U.S.C. § 3182, provides the procedures by which this constitutional command is carried out." *New Mexico, ex rel. Ortiz v. Reed*, 524 U.S. 151, 152 (1998). Interstate extradition, under the Constitution and an implementing statute such as § 3182, is conditioned upon two requirements—the person to be extradited must be "substantially charged with a crime" in the charging or demanding state and he must be a "fugitive" from that state. *See Hyatt v. People of State of N.Y. ex rel. Corkran*, 188 U.S. 691, 709–10, 23 S.Ct. 456, 47 L.Ed. 657 (1903).

But as the Fifth Circuit concluded in *Decker* "the Constitutional right to demand the surrender of a fugitive is not made any less absolute and the obligation to deliver is not made any less compelling by the states' retention of their sovereignty to provide for the extradition of non-fugitives within their discretion." *Decker*, 411 F.2d at 305. As the circuit court explained, neither the United States Constitution nor 18 U.S.C. § 3182 "expressly negate the power of the states to provide for the

extradition of persons who are not fugitives in the technical sense." *Id.* Consequently, extradition procedures *not* set forth in 18 U.S.C. § 3182 are "matter[s] of state law" governed by the UCEA. *See Good v. Allain*, 646 F. Supp. 1029, 1031 (S.D.Miss.1986), aff'd as modified, 823 F.2d 64 (5th Cir.1987). And, as a matter of state law, Texas has adopted the UCEA to provide the procedural mechanism for the summary disposition of extradition cases involving both fugitives and non-fugitives. *Edwards v Bowles*, No. 3:03-cv-2624-M, 2004 WL 308036 at *10 (February 18, 2024) (Ramirez, M); TEX. CODE CRIM. PROC. art. 51.13.

Within that framework, Section 6 of the UCEA governs the discretionary extradition of non-fugitives. *Decker*, 411 F.2d at 305; *Bowles*, 2004 WL at *11-12. It permits the Governor of Texas to "surrender a person who is charged in the demanding State with committing an act in this State, or in a third State, intentionally resulting in a crime in the demanding State." *Ex parte Foss*, 492 S.W.2d 552, 553 (Tex.Cr.App.1973). "This section was specifically "designed to cover cases not clearly reached by the constitutionally-based extradition laws; that is, where the accused could not technically be called a fugitive because he had committed a crime against the laws of a demanding state by doing acts outside of that state." *Bowles*, 2004 WL 308036 at *11 (citing *Jenkins v. Garrison*, 265 Ga. 42, 453 S.E.2d 698, 702 n. 8 (Ga.1995); *Hill v. Blake*, 441 A.2d 841, 843-44 (Conn.1982).

As the Constitution does not obligate the states to extradite non-fugitive criminals, the provisions of the UCEA dealing with the extradition of criminals who perhaps cannot be technically called fugitives rests on comity between the states,

rather than on the Constitution. *Bowles*, 2004 WL 308036 at *11 (citing *Blake*, 441 A.2d 841, 843-44 (holding that because "the extradition clause of the United States Constitution neither requires nor prohibits enactment of state laws governing nonfugitive extradition, enforcement of section 6 is a matter of comity between the states"). Thus, "[t]he concept of a "fugitive in [this] context has itself been statutorily modified as states have adopted the Uniform Criminal Extradition Act of 1936, Section 6 of which provides "an exception to the general rule that an accused is not a fugitive from justice and may not be extradited if he was not physically present in the demanding state when the offense was committed." *Collazos v. U.S.*, 368 F.3d 190, 197 n. 2 (5th Cir. 2004).

After considering pertinent Texas cases and case law from various other jurisdictions, *Decker* expressly found the application of the Texas UCEA to nonfugitives comports with the Constitution. 411 F.2d at 306 ("We are of the opinion that it would be equally fallacious to imply from Article IV, Section 2 a denial of the states' power to legislate for the delivering up of offenders who are non-fugitives"). Accordingly, the question of whether Walker is technically a fugitive for purposes of Article IV, Section 2 has no bearing on this case, because he is subject to extradition under the Texas UCEA regardless of that distinction. *Id. Bowles*, 2004 WL 308036 at *14. As such, Walker's primary complaint—that he believes he is not a fugitive—does not entitle him to habeas relief.

### 2. Walker's complaint that there is not yet a Governor's Warrant is misplaced because the UCEA allows his commitment, without bail, for up to 90 days to *await* the Governor's Warrant.

Next, although Walker complains that there is not yet a Governor's Warrant authorizing his extradition, the Texas UCEA plainly allows the arrest (with or without a warrant) and commitment of a person charged with committing a crime in another state to await the Governor's warrant on requisition for up to 90 days. TEX. CODE CRIM. PROC. art. 51.13, §§ 13-15, 17.

Indeed, an individual that is charged by another state with committing an offense in a third state, such as Walker, may be committed for an initial 30 days "if from the examination before the judge or magistrate it appears that the person held is the person charged with having committed the crime alleged." *Id.* at §§ 6, 15. Texas Code of Criminal Procedure article 51.13 § 17 then allows for a judge or magistrate to recommit an accused for an additional 60 days if the accused has not been arrested under warrant of the Governor. *Leal v. Jones*, No. 5:07-cv-135-C, 2008 WL 11429757 at *3 n.8 (N.D. Tex. October 2, 2008) (Cummings, J.); *Echols v. State*, 810 S.W.2d 430, 431 (Tex. App.—Houston [14th Dist.] 1991, no writ) ("The Texas Code of Criminal Procedure provides that a person confined under a fugitive warrant be discharged from custody if a governor's warrant is not received within 90 days of confinement"); TEX. CODE CRIM. PROC. art. 51.13 § 17; *see also* art. 51.05 ("shall not be committed or held to bail for a longer time than ninety days"); art. 51.07 ("A fugitive not arrested under a warrant from the Governor of this State before the expiration of ninety days from the day of his commitment or the date of the bail shall be discharged.").

That is precisely what has happened in this case. First, a neutral magistrate in Williamson County found probable cause that Walker was the individual wanted on the Florida arrest warrant for the offenses of fraud and extortion, felonies carrying more than a year's imprisonment.[19] The magistrate's determination is subject to a highly deferential standard for evaluating state-court rulings and demands that state-court decisions be given the benefit of the doubt. *Felkner v. Jackson*, 562 U.S. 594, 598, 131 S.Ct. 1305, 1307, 179 L.Ed.2d 374 (2011). Regardless, Walker himself makes no allegation that he is not the subject of the warrant. To the contrary, he admits his involvement with the victims of the crimes for which the warrant was issued. ECF 1, p, 8. Thus, the standard for committing Walker for an initial 30 days to await the Governor's warrant on requisition of the executive of Florida is readily satisfied here. TEX. CODE CRIM. PROC. art. 51.13, § 15.

Based on these findings the magistrate committed Walker to the Williamson County Jail on November 29, 2025, pending extradition proceedings.[20] Walker was then recommitted to the Williamson County Jail by Judge Barker, of the Williamson County Court at Law No. 2, once on December 17, 2025 and again on January 14, 2026, pending hearing on the Governor's Warrant.[21] That hearing is currently scheduled for February 18, 2026, within the 90-day window allowed under Texas

---

[19] *See* Ex. 1; *see also*, Florida State Statutes § 817.535(2)(a) (providing that a fraudulent filing is a third degree felony); § 836.05(1) (providing that extortion is a second degree felony); § 775.082(d) and (e) (providing that a second degree felony is punishable by a term of imprisonment not exceeding 15 years and a third degree felony is punishable by imprisonment not exceeding 5 years).
[20] Exhibit 1.
[21] *See* Ex. 2.

law.[22] TEX. CODE CRIM. PROC. art. 51.13 § 17; *see also* art. 51.05. Florida's Governor has issued the formal requisition, which now awaits review and approval by Texas Governor Greg Abbott for issuance of his warrant to be filed and presented at the Governor's Warrant hearing within the 90 day window.[23] *Id.* at § 7, 17.

And although the Texas UCEA provides that a defendant held for extradition *may* be granted bail, the decision of "whether to set bail is a matter left to the discretion of the trial court; the magistrate may commit the defendant to jail to await a requisition from the Governor of the State from which he fled." *Ex Parte Landry*, 02-21-00166-CR, 2021 WL 5934058 at *2 (Tex. App.—Ft. Worth 2021 December 16, 2021, no pet.) (citing TEX. CODE CRIM. PROC. ANN. art. 51.05, art. 51.13, § 16.). Here, Walker was committed to await the Governor's Warrant without bail.[24] That decision, too, is subject to deference from this Court. *Jackson*, 562 U.S. at 598.

The upshot is that, in addition to his failure to exhaust available state remedies, Walker is not entitled to habeas relief because Texas law allows him to be held for up to 90 days for the issuance of a Governor's warrant. That is precisely what has occurred in this case: Walker was held in order to allow sufficient time for Florida to issue a requisition and for Governor Abbott to act on that requisition by issuing the Governor's warrant. As the allotted time period for that process to be completed under the Texas UCEA has not elapsed, Walker's continued committal is lawful and should not be disturbed by the federal courts.

---

[22] *See* Ex. 2.
[23] *See* Ex. 3; Tex. Code Crim Pro art. 51.13, §§
[24] *See* Ex. 1, Ex. 2.

**Prayer**

For these reasons, Respondent, the Williamson County Sheriff's Office respectfully requests that the Court dismiss or deny Petitioner Kevin Lewis Walker's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, and for such other relief at law and in equity that this Court deems just and proper.

Respectfully submitted,

BICKERSTAFF HEATH
DELGADO ACOSTA LLP
Two Barton Skyway
1601 S. Mopac Expressway
Suite C400
Austin, Texas 78746
(512) 472-8021
(512) 320-5638 FAX

By: */s/ Gunnar P. Seaquist*
GUNNAR P. SEAQUIST
State Bar No. 24043358
gseaquist@bickerstaff.com
SARA LABASHOSKY
State Bar No. 24129467
slabashosky@bickerstaff.com
CANON P. HILL
State Bar No. 24140247
chill@bickerstaff.com

## **CERTIFICATE OF SERVICE**

      This is to certify that a true and correct copy of the foregoing document was served upon all parties of record on February 6, 2026 as follows:

**Via Certified Mail, RRR:**

Kevin Lewis Walker
#25-214532
2082 Hwy 183 # 170-229
Leander, TX 78641

**Via CM/ECF Electronic Service:**

Cara Hanna
Assistant Attorney General
Office of the Attorney General of Texas
PO Box 12548
Austin, TX 78711-2548

                                                */s/ Gunnar P. Seaquist*
                                                Gunnar P. Seaquist